The following resolution adopted by the House of Representatives at the present session of the General Court on April 21 was received April 21, 1947:
"Resolved, That the Speaker of the House of Representatives be and hereby is directed to obtain from the Honorable Justices of the Supreme Court their opinion upon the following questions:
"Do the provisions for an airways toll as found in section 8 of House Bill No. 345. In New Draft: An act relating to the regulation and development of aeronautics, a copy of which is annexed hereto and made a part of this resolution, violate in any way the provisions of our state constitution?
"The suggestions of the Justices are further respectfully requested in regard to the constitutionality of any of the provisions of said bill which may occur to them upon a careful reading thereof.
"Further Resolved, that the Speaker is directed to transmit to the Clerk of the Supreme Court ten copies of the Resolution and ten copies of House Bill No. 345, In New Draft."
The following answer was returned:
To the House of Representatives:
The Justices of the Supreme Court make the following answer to the inquiries contained in your resolution of April 21, concerning the constitutionality of House Bill No. 345, in new draft.
Your first inquiry relates to the constitutionality of section 8 of the bill, which provides for an "airways toll" of four cents per gallon upon the sale of each gallon of motor fuel sold and used in the propulsion of aircraft, and provides that the revenue therefrom shall be paid over to the State Treasurer. Sections 9 and 10 of the act provide that the State Treasurer shall keep the money so collected in the aeronautical *Page 514 
fund, and, with the approval of the Governor and Council, shall use it to defray the cost of the establishment and maintenance of air navigation facilities on the state airways system.
We are of the opinion that, under the law of this state as established in the Opinion of the Justices, 81 N.H. 552, and Tirrell v. Johnston,86 N.H. 530, section 8 of the act involves no violation of either the federal or state constitutions. The proposed act clearly contemplates "the establishment and maintenance of air navigation facilities on the State Airways System," and merely requires that aircraft owners share the expense establishing and maintaining such facilities. Under the authorities above mentioned, this is clearly permissible, and the propriety of such charges has been recognized by the federal courts. Eastern Air Transport v. South Carolina, 285 U.S. 147; Kane v. New Jersey, 242 U.S. 160; Clark v. Poor,274 U.S. 554; Interstate Transit Co. v. Lindsey, 283 U.S. 183; Varney Air Lines v. Babcock, 1 F. Supp. 687; Boeing Air Transport Co. v. Edelman,51 Fed. (2d), 130, 289 U.S. 249. In Varney Air Lines v. Babcock, supra, 689, the court summarized the situation as follows: "There would seem to be no question of the light of the state or owners of a facility used by one, although engaged in interstate commerce, to make a charge upon the persons who uses it where the amount of the charge is reasonable and fair as to the amount of use made of the facility."
In regard to the amount of the toll, it was pointed out in Opinion of the Justices, supra, 552, 555, that "It is clearly within the discretion of the State to determine whether the compensation for the use of its highways by automobiles shall be determined by way of a fee payable annually or semi-annually or by a toll payable on mileage or otherwise. Kane v. State of New Jersey, 242 U.S. 160, 168." We think that the same reasoning applies to the airways toll provided by the act "while the payment proposed will not be an exact measure, yet it will so far approximate thereto as to be within the power of the legislature to adopt." Ib.
The multiple taxation of air commerce now in the process of development may raise important practical questions as to the desirability of state taxes on aviation fuel, but these questions are legislative and not judicial in character. See Multiple Taxation of Air Commerce, House Document No. 141, 79th Congress, 1st Session; Northwest Airlines, Inc. v. Minnesota, 322 U.S. 292.
Your second inquiry requests the suggestions of the Justices in regard to the constitutionality of any other of the provisions of the bill. Those provisions consist of amendments to the New Hampshire *Page 515 
Aeronautics Act, which was originally passed in 1941, and no constitutional question suggests itself with regard to any of them.
 OLIVER W. BRANCH. FRANCIS W. JOHNSTON. FRANK R. KENISON. LAURENCE I. DUNCAN. AMOS N. BLANDIN, JR.
May 14, 1947.