Zimmerman, J.
Appellant, a manufacturer of aluminum building products, is an Ohio Corporation and maintains a plant and offices in Summit County, Ohio. For the purpose of shipping its finished products to its customers outside Ohio and to *464 bring materials to its Ohio plant from other states, appellant leased tractors and trailers from Alside Equipment Company, a Delaware corporation, not licensed to do business in Ohio, and a wholly owned subsidiary of appellant. The equipment company has a statutory agent in Delaware, but its records are kept in Ohio. It was organized to purchase, hold, lease and operate motor vehicle rolling stock. It owned tractors and trailers licensed in Delaware but employed no drivers. Over the audit period involved, the equipment company leased all its motor vehicles to appellant by leases executed in Ohio. A number of such motor vehicles were delivered by the equipment company to appellant in Ohio. Rental payments for such equipment were made by checks signed in Ohio by one of appellant’s officers. Such checks were received by the same officer on behalf of the equipment company, he being also an officer of that company. These checks were transmitted to a Delaware bank for deposit to the account of the equipment company. Appellant furnished drivers for the motor vehicles, which vehicles were employed in the manner hereinbefore described. Appellant billed its customers for delivery charges. Consequently, the lease contracts, having been executed in Ohio and the payment for and delivery of such motor trucks having taken place in Ohio, there was a consummation of the leases in Ohio.
Under Section 5739.01 (B), Revised Code, rentals of tangible personal property are regarded as sales of such property, and, since the rental transactions herein did not come within the exception of subdivision (E) of that section, they constituted or were equivalent to retail sales and are taxable as such, unless they are removed from taxation by the provision of Section 5739.02 (B) (11), Revised Code, which makes the Ohio sales tax inapplicable to “sales not within the taxing power of this state under the Constitution of the United States.”
Therefore, we are confronted with the problem of whether the sales of the equipment company’s motor vehicles to appellant in Ohio, measured by the amount paid as rentals, with transfer of possession and payment in Ohio, are excepted from the Ohio sales tax because appellant used the motor vehicles to transport its products out of Ohio and to import materials from outside Ohio for its use in Ohio,
*465 As already noted, appellant contended that the sales tax as levied here represents a tax on instrumentalities used exclusively in interstate commerce, and that such a tax is prohibited by the commerce clause of the federal Constitution.
Appellee takes the position that since the rental contracts were made in Ohio and that delivery of possession of the motor vehicles and the payment therefor were also Ohio incidents, the use of the vehicles thereafter in carrying on a business which constitutes interstate commerce is not so identified with that commerce as to make the sales immune from the nondiscriminatory Ohio sales tax. Such a tax upon local sales is not regarded as imposing a direct burden on interstate commerce and has no greater or different effect upon that commerce than a general property tax to which all those enjoying the protection of the state may be subjected. See Eastern Air Transport, Inc., v. South Carolina Tax Comm., 285 U. S., 147, 76 L. Ed., 673, 52 S. Ct., 340.
So, where commodities, brought into one state from another by virtue of an agreement consummated in the first state, find lodgment in the first state and are then used by the one to whom they were delivered for carrying on interstate business, they are not thereby removed from taxation by the first state. See Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, Comptroller, 288 U. S., 249, 77 L. Ed., 730, 53 S. Ct., 345, 87 A. L. R., 1191; and Edelman, Treas., v. Boeing Air Transport, Inc., 289 U. S., 249, 77 L. Ed., 1155, 53 S. Ct., 591. See, also, Tri-City Broadcasting Co. v. Bowers, Tax Commr., 169 Ohio St., 126, 158 N. E. (2d), 203 (dismissed 361 U. S., 97, 4 L. Ed. [2d], 149, 80 S. Ct., 197), and the cases therein cited. Upon application of this rule to the present case, the fact that the motor trucks purchased in Ohio were for use in interstate commerce does not except the transactions from the Ohio sales tax.
It is our conclusion that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and it is, therefore, affirmed.

Decision affirmed.

Taut, C. J., Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.