John M. BURGE, Executor of the Will of Joseph D. Burge, Appellant,

v.

James V. MARCUM, Commissioner of Revenue, etc., et al., Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1965.

Blakey Helm, Joseph B. Helm, Louisville, for appellant.

William S. Riley, Virginia R. Collins, Frankfort, for appellee.

MOREMEN, Chief Justice.

The question is whether KRS 140.150 sets up an arbitrary classification for taxation in violation of section 171 of the Kentucky Constitution or the Fourteenth Amendment of the U. S. Constitution.

For over half a century Joseph D. Burge lived and owned property in Louisville. He moved to Guatemala about eight years before his death in that country in 1957. At the time of his death Mr. Burge owned stock in certain Louisville businesses for some of which he had worked before becoming a resident of Guatemala. The Commonwealth of Kentucky has not attempted to subject his entire estate to taxation; it has assessed a tax on the transfer of shares of stock that he owned in Kentucky corporations at the time of his death. This was done under authority of KRS 140.150, which provides:

"All shares of stock in corporations organized under the laws of this state, belonging to a person whose domicile is in a country foreign to the United States or its possessions, shall, on the death of the owner, be subject to a tax of five percent of their actual value upon their transfer, payment, or delivery to the personal representative or trustee of the estate of the decedent."

Under the definition of domicile in Wheeler v. Burgess, 263 Ky. 693, 93 S.W. 2d 351, Mr. Burge had a domicile in Guatemala because he had resided there with an intention to stay indefinitely. Therefore, if KRS 140.150 is not unconstitutional, the transfer tax was properly imposed on Mr. Burge's estate.

Appellant contends that the classification set up by KRS 140.150 violates the uniformity clause in Section 171 of the Kentucky Constitution, and the equal protection clause of the Fourteenth Amendment of the U. S. Constitution. Section 171 provides:

"* * * Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

Section I of the Fourteenth Amendment to the U. S. Constitution provides:

"* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

It is settled that Kentucky has the power to tax non-resident owners of stock in Kentucky corporations on the transfer of their stock. Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339, and that the state legislature is not prohibited by the equal protection clause of the Fourteenth Amendment from setting up reasonable classifications for the purpose of tax legislation. Bell's Gap R. Co. v. Commonwealth of Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892.

But this Court has long held that the uniformity clause in Section 171 of the Kentucky Constitution, supra, requires that any legislative tax classification must have a reasonable relation to some permitted end of government action, i. e. the classification used cannot be arbitrary or unreasonable. Kentucky Tax Commission v. Lincoln Bank & Trust Co., Ky., 245 S.W.2d 950. This same requirement is implicit in the "equal protection clause" of the Fourteenth Amendment to the U. S. Constitution, supra, as interpreted by the United States Supreme Court. Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460. (Part of New York Income Tax held to be unreasonable discrimination against non-residents.)

The primary issue presented is whether the selection of citizens of the United States who are domiciled in a foreign country as a class on which to impose an estate tax on the transfer of capital stock is a reasonable classification. If there is a valid justification for imposing this transfer tax on citizens domiciled in a foreign country, but not citizens domiciled in states other than Kentucky, the classification of KRS 140.150 is reasonable and should be upheld; per contra, if no valid justification exists the classification constitutes an arbitrary discrimination against foreign domiciled U. S. citizens in violation of the "uniformity clause" of Section 171 and the "equal protection clause" of the Fourteenth Amendment.

The chancellor, in upholding the constitutionality of KRS 140.150, cited Maxwell v. Bugbee, 250 U.S. 525, 40 S.Ct. 2, 63 L. Ed. 1124 as standing for the proposition that it is reasonable to classify citizens for tax purposes on the basis of residence. But that case simply held that New Jersey did not violate the "equal protection clause" when it used a different formula to calculate the inheritance tax rate of residents from that which it used for non-residents. The court held that the intention of the formula was to equalize the tax between residents and non-residents. and the fact that occasional inequalities resulted from this system was not sufficient to make the statute unconstitutional because of discrriminatory classification. The crucial point that made the classification in the Maxwell case reasonable was that non-resident testators or intestates stood in different relation to the state from that of residents, thus making them amenable to different classification.

The Supreme Court did not intimate, however, that it would not be a violation of the "equal protection clause" for New Jersey to impose a different inheritance tax rate on citizens residing in Kentucky from that imposed upon those residing in Tennessee, Texas, Virginia or Guatemala. Unless there is some reason in the present case for finding that U. S. citizens domiciled in foreign countries stand in a different relation to Kentucky from that of U. S. citizens living in other states, the classification cannot be justified by the Maxwell case, supra.

It is contended that the justification for the classification set up by KRS 140.150 is that foreign domiciled citizens are not subject to taxes on their capital stock in the country of their domicile, but citizens of other states might be subject to such taxes in their home state. Therefore, the classification is a reasonable method used by the state legislature to equalize the tax burden and avoid double taxation.

We have found no authority for assuming that foreign countries do not levy taxes on the capital stock owned by their domiciles. The possibility of double taxation exists whether the decedent's domicile is in another state or another country. Therefore, the classification of KRS 140.150 cannot be justified as a method of equalizing the tax burden or avoiding double taxation.

Under the circumstances disclosed, we are unable to find adequate grounds to justify the discrimination of KRS 140.-150 against U. S. citizens domiciled in foreign countries. This discrimination has no reasonable relation to a permitted end of government.

We find that KRS 140.150 sets up an arbitrary standard of taxation in violation of Section 171 of the Kentucky Constitution and the Fourteenth Amendment of the U. S. Constitution. It is, therefore, unconstitutional and void.

Judgment reversed.