DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,

v.

SPALDING LAUNDRY AND DRY CLEANING COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1968.

Rehearing Denied Feb. 21, 1969.

Appellee is engaged in the laundry and dry cleaning business. When expanding its plant in 1965 it purchased some new machinery. It claimed this machinery exempt from the sales tax under KRS 139.-480(8), which exempts "Machinery for new and expanded industry". However, KRS 139.170 defines such machinery as:

"* * * that machinery used directly in the manufacturing process, which is incorporated for the first time into plant facilities established in this state, and which does not replace machinery in such plants."

Appellee concedes that it is not in a manufacturing industry and therefore its new machinery is not exempt under the definition last above quoted. See Muir v. Samuels, 110 Ky. 605, 62 S.W. 481. Its contention, upheld by the circuit court, is that the statute, in restricting exempt machinery to that used in *manufacturing*, is arbitrarily and unreasonably discriminatory.[1]

There is no controversy about the applicable legal principles. In the field of taxation (as in other areas) the legislature may make classifications, and the constitutional limitations prohibit only such classifications as are arbitrary and unreasonable in having no fair and substantial relation to the permissible governmental purpose of the legislation. See Burge v. Marcum, Ky., 394 S.W.2d 908; Louisville Gas & Electric Co. v. Coleman, 277 U.S. 32, 48 S.Ct. 423, 72 L.Ed. 770. Our question is whether the exemption of machinery used in manufacturing is arbitrary and unreasonable because it does not equally exempt similar machinery used in a service industry or plant.

It is common knowledge that in recent years states have strenuously competed for new and expanded industrial development to improve the overall economy of the sov-

William S. Riley, Asst. Atty. Gen., Frankfort, Paul Shapiro, Frankfort, for appellant.

Carl L. Wedekind, Jr., Stites, Peabody & Helm, Louisville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment setting aside an order of the Kentucky Board of Tax Appeals which confirmed a sales tax assessment against appellee. The trial court found that KRS 139.170, which defines exempted "machinery", in failing to encompass appellee's property was arbitrary and unreasonable, and consequently violative of sections 3 and 171 of the Kentucky Constitution and the Fourteenth Amendment to the United States Constitution. The statute in question was declared void.

1. Appellee can only succeed if the restrictive definition statute, KRS 139.170, is knocked out and KRS 139.480(8) (which it modifies) does not fall with it, thereby creating an exempt category of *all* "machinery for new and expanded industry".

ereignty. The promotion of such development, by providing tax benefits, is now a fixed policy of this Commonwealth. In 1955 the people of this state, by amendment to section 170 of the Kentucky Constitution, empowered the General Assembly to authorize cities or towns to exempt "manufacturing establishments" from municipal taxation (for a period not exceeding five years) "as an inducement to their location". By KRS 91.260 and 92.300 the legislature has authorized cities to exempt "manufacturing establishments" from city taxation. KRS 132.200(4) exempts from county, city, school, or other taxing district taxes, machinery "of individuals or corporations actually engaged in manufacturing, * * *".

It is evident therefore that in the minds of the people and the legislature a legitimate public purpose is served by encouraging the location and expansion of *manufacturing* industries in this state. That such tax exemption statutes are valid is not questioned. See 51 Am.Jur., Taxation, section 591 (page 576); Todd County v. Bond Bros., 300 Ky. 224, 188 S.W.2d 325. As pointed out in that case, the objective was to increase the resources of the state and its taxable property "through the establishment of new industries".

It is the contention of appellee that since the purpose of such statutes is the promotion of the general welfare by improving the economy of the state, it is arbitrary and unreasonable to discriminate between different kinds of industrial machinery. However, it is peculiarly a matter of legislative selection, in balancing the public benefits against the tax loss, to determine what type of industry will best promote the general welfare. Considering the public purpose involved, surely the legislature could distinguish between large plants and small plants.

It is entirely reasonable for such a body to conclude that the development of manufacturing plants would have a greater beneficial impact on the state economy than the development of other industries. The reasonable basis for putting a manufacturing plant in a class by itself, for the purpose of inducing its location in Kentucky by bestowing tax benefits, is pointed out in City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S.W. 31. It was there said that the location of a newspaper was a matter generally influenced by local circumstances unrelated to tax benefits. We may also observe that a newspaper might well offer less in the way of employment and the utilization of natural resources than a manufacturing plant.

■ Of course it can be said that any industry improves the economy of the state, and carried to its logical conclusion appellee's argument would invalidate any discriminations based on the *use* of the property involved. Yet it will be noted that the exempt status of the eight different classes of property provided for in KRS 139.480 is tied to the use of such property. It is common knowledge that the tax benefit provisions of our Constitution and statutes here under consideration were principally designed to induce the location in Kentucky of outside interests, and particularly the most successful ones available. It is not unreasonable to conclude that the manufacturing industry offered the best field for promotion. Service and other industries would normally offer a lesser potential from the standpoint of capitalization, employment, stability and expansion. Manufacturing machinery produces goods which ordinarily would be subject to the sales tax, whereas service industries do not produce a taxable product. At least these are valid considerations the legislature could take into account.

■ This is a policy matter which, as we have said, is peculiarly one for legislative determination. The wisdom of the policy is a matter not before us. There are sound reasons which justify placing in the tax exempt category only that machinery for new and expanded industry which is used in the manufacturing process.

We do not find KRS 139.170 arbitrary and unreasonable.

It is unnecessary to pass upon other questions raised on this appeal.

The judgment is reversed, with directions to enter a judgment for the Commonwealth affirming the order of the Kentucky Board of Tax Appeals.

All concur except OSBORNE, J., not sitting.