CARROLL, DONALD K., Judge.
The defendants in an action for declaratory and injunctive relief have appealed from a final judgment entered by the Circuit Court for Duval County, enjoining them from collecting state and city occupational taxes against the plaintiff’s water company business and declaring that the said taxes constitute an illegal burden upon interstate commerce under the commerce clause of the United States Constitution.
*740 The question presented for our determination in this appeal is whether the said court correctly ruled that the said taxes constitute an undue burden upon interstate commerce under the said commerce clause.
The plaintiff is an independent contractor, engaged in the business of supplying, for a consideration, fresh water to ships lying in the harbor of Jacksonville, Florida, within the city limits. All of the ships involved in this litigation are engaged in commerce either between states of the United States or between a state and foreign countries. The purchase of water by the plaintiff, the transportation of the said water to the said ships, and the resale of said water to the ships are activities of the plaintiff which are conducted on navigable waters of the United States, to-wit: the St. Johns River. The plaintiff does not own any water wells or reservoirs of water, nor does it own a water distribution system, pipes or mains. The plaintiff supplies water to the ships in the following manner: When the plaintiff receives a call for water from a ship lying in the harbor within the city limits, the plaintiff dispatches a water barge, towed or pushed or hired for that purpose, within the city limits, to a dock of a railroad located on the said river, which point is within the city limits, and purchases a quantity of water desired from the said owner. The water is pumped directly into the water barge, which is then towed to the ship, which may be anchored in midstream or tied up in one of the numerous docks and terminals on the river, still within the said city limits.
The water is pumped into the tanks of the purchasing ship, which pays the plaintiff within the city limits the agreed price for the water so obtained and delivered to the ship. It was stipulated that the servicing of water to the ships is an essential service to them. The water is not cargo to be resold but is used on board the ships for drinking, washing, etc.
Based upon the admitted facts, the chancellor concluded that the state and municipal occupational license taxes sought to be imposed upon the plaintiff pursuant to Section 20S.561, Florida Statutes, F.S.A., Section 22-50 (339), Ordinance Code of the former City of Jacksonville (now a consolidated government), and Section 45.1 of Ordinance 69-515-387, as amended, impose a burden and an interference with interstate and foreign commerce.
The question of what constitutes an undue burden upon interstate commerce under the commerce clause of the United States Constitution is one of the most difficult questions to resolve under the numerous conflicting decisions of the federal and state courts. Many cases could be cited to support the judgment appealed from, but we believe that the following cases best represent the present and sound view of the subject before us.
In the case of Armstrong v. City of Tampa, 118 So.2d 195 (Fla.1960), the Supreme Court of Florida dealt with the propriety of both flat sum license taxes and gross receipts taxes imposed by the City of Tampa and laid down the following general test in determining the validity of taxation upon interstate commerce where the local tax is upon local incidents of such commerce:
“ * * * When a local tax is levied upon local incidents which do not establish conditions precedent to the entry of commerce into the taxing state, then the local incidents may be and often are sufficient local jurisdiction contacts to validate the tax. This is so even though the entire transaction from which the local incident arises may have related interstate attributes. We commend to those interested the opinion of the Supreme Court of Pennsylvania in the case last cited. It presents a clear-cut judicial summary of the authorities which on the one hand condemn the flat sum privilege tax which excludes interstate commerce. On the other hand, it summarizes those authorities which support a graduated gross receipts license tax which permits interstate commerce to move without restraint *741 and to flourish between the states but at the same time share the cost of local government in proportion to benefits which it derives therefrom. See also Martin Ship Service Co. v. City of Los Angeles, 34 Cal.2d 793, 215 P.2d 24.” (Emphasis supplied)
In Eastern Air Transport, Inc. v. South Carolina Tax Commission, 285 U.S. 147, 52 S.Ct. 340, 76 L.Ed. 673 (1931), the Supreme Court of the United States considered the constitutional propriety of a tax imposed by the State of South Carolina with respect to gasoline purchased by Eastern Air Transport, Inc., and used by it in flying planes in interstate commerce. Chief Justice Hughes, speaking for a unanimous court, said:
“Treating the tax as an excise tax upon the sales does not change the result in the instant case, as the sales are still purely intrastate transactions. Superior Oil Co. v. Mississippi, 280 U.S. 390, 395, 50 S.Ct. 169, 74 L.Ed. 504 [507]. Undoubtedly, purchases of goods within a State may form part of transactions in interstate commerce and hence be entitled to enjoy a corresponding immunity. But the mere purchase of supplies or equipment for use in conducting a business which constitutes interstate commerce is not so identified with that commerce as to make the sale immune from a nondiscriminatory tax imposed by the State upon intrastate dealers. There is no substantial distinction between the sale of gasoline that is used in an airplane in interstate transportation and the sale of coal for the locomotives of an interstate carrier, or of the locomotives and cars themselves bought as equipment for interstate transportation. A nondiscriminatory tax upon local sales in such cases has never been regarded as imposing a direct burden upon interstate commerce and has no greater or different effect upon that commerce than a general property tax to which all those enjoying the protection of the state may be subjected.”
A case involving a factual situation closely analogous to that involved in the case at bar is Martin Ship Service Co. v. City of Los Angeles, 34 Cal.2d 793, 215 P.2d 24 (1950), in which the Supreme Court of California considered the legal propriety of the imposition of a city occupational license tax upon an independent contractor engaged exclusively in furnishing maintenance and repair service to ships employed only in interstate commerce while those ships were located in the various harbors of Los Angeles. These services included painting of the ships, removing scale, cleaning tanks, chain lockers, and boilers, and the taking of ships’ stores from trucks of provision merchants to the docks, and trucking them to the dock onto the ships and placing them in store rooms on board. These provisions were consumed by the crew and passengers while the ships were both in the harbor and later en route in foreign or interstate commerce.
After noting that such activities of local independent contractors were subject to regulation by Congress, under the commerce clause, the California Supreme Court said:
“In the absence of contrary Congressional action, however, the state may regulate or tax such activities so long as the regulation or tax does not unduly burden that commerce. South Carolina State Highway Department v. Barnwell Bros., 303 U.S. 177, 184-185, 625, 58 S.Ct. 510, 82 L.Ed. 734; Aero Mayflower Transit Co. v. Board of Railroad Comm’rs, 332 U.S. 495, 502-503, 68 S.Ct. 167, 92 L.Ed. 99; Bob-Lo Excursion Co. v. Michigan, 333 U.S. 28, 37-39, 68 S.Ct. 358, 92 L.Ed. 455. The validity of the tax therefore does not depend solely on whether plaintiffs’ activities are interstate or intrastate commerce. ‘In a case like this nothing is gained, and clarity is lost, by not starting with recognition of the fact that it is interstate commerce which the State is seeking to reach and candidly facing the real question whether what the State is *742 exacting is a constitutionally fair demand by the State for that aspect of the interstate commerce to which the State bears a special relation.’ Central Greyhound Lines, Inc. v. Mealey, 334 U.S. 653, 661, 68 S.Ct. 1260, 1265, 92 L.Ed. 1633; Memphis Natural Gas Co. v. Stone, 335 U.S. 80, 87, 68 S.Ct. 1475, 92 L.Ed. 1832; Aero Mayflower Transit Co. v. Board of Railroad Commissioners, 332 U.S. 495, 502, 68 S.Ct. 167, 92 L.Ed. 99; Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 256, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944; McGoldrick v. Berwind-White [Coal Mining] Co., 309 U.S. 33, 47, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; Chicago Bridge & Iron Co. v. Johnson, 19 Cal.2d 162, 172-173, 119 P.2d 945; Barker Bros., Inc. v. City of Los Angeles, 10 Cal.2d 603, 609, 76 P.2d 97. ‘Interstate business must pay its way,’ Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 254, 58 S.Ct. 546, 548, provided it does not pay too much or too often. Since the tax imposed by the defendant does not make it do either, we are of the opinion that the judgments must be reversed.
* * * * * *
“ * * * These local incidents of interstate commerce are separate and distinct from the ‘very process of interstate commerce’, such as interstate transportation of commodities. They are carried on entirely within the harbor of Los Ange-les. They are not free from local taxation merely because ‘interstate commerce could not be conducted without [them] * * *. These are events apart from the flow of commerce. This is a tax on activities for which the state, not the United States, gives protection and the state is entitled to compensation when its tax cannot be said to be an unreasonable burden or a toll on the interstate business.’ Memphis Natural Gas Co. v. Stone, supra, 335 U.S. at page 96, 68 S.Ct. at page 1483.”
The general rule, applicable in cases of this kind, was thus stated by the Supreme Court of Florida in Green v. Western Union Telegraph Company, 123 So.2d 712 (Fla.1960), as follows:
“It was early held in connection with the quoted provision of the Federal Constitution that the power conveyed to the Congress to regulate commerce between the states implicitly precluded the exercise of any power by the several states which would constitute an undue burden upon or interference with commerce between states. Regulation has taken many forms, including taxation. It is not every form of state regulation or taxation which bears upon or which is related to interstate commerce that will fall by virtue of Federal Constitutional provisions. It is only state action which unduly or unreasonably interferes with commerce between the states that meets the condemnation of the Federal organic law. In construing the Commerce Clause in its application to particular cases involving state action it becomes necessary to determine whether state regulation discriminates against interstate commerce or whether it is exclusory or prohibitive or unreasonably restrictive to the extent that it unduly and unfairly impedes the flow of commerce between the states. Armstrong v. City of Tampa, Fla.1959, 118 So.2d 195, and cases there cited.”
It may be fairly presumed from the record, since all of the activities of the plaintiff were carried on within the city limits, that the plaintiff’s property and activities were protected by and benefited from the police and fire services of the City of Jacksonville as well as other municipal services; so it seems fair to say, as did the Florida Supreme Court in the Armstrong case, supra, that the plaintiff should share the “cost of local government in proportion to benefits which it derives therefrom.”
For the foregoing reasons and upon the authorities quoted above, the final judgment appealed from herein is reversed, and *743 the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
JOHNSON, C. J., and SPECTOR, J., concur.