DELTA AIR LINES, INC., Movant,

v.

COMMONWEALTH of Kentucky, REVENUE CABINET, Respondent.

Supreme Court of Kentucky.

May 2, 1985.

Jackson W. White, Stoll, Keenon & Park, Lexington, Helene Z. Cohen, Atlanta, Ga., for movant.

John A. Miller, Legal Services Section, Revenue Cabinet, Frankfort, for respondent.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed the decision of the circuit court and the Board of Tax Appeals on the question of whether fuel and food sold to and used by the airlines were taxable by Kentucky.

The issues presented are whether the Board of Tax Appeals and the reviewing courts failed to make a proper and comprehensive examination of the statutes and correctly interpreted the applicable law; whether the appropriate rules of statutory construction were applied to determine the legislative intent in the sales and use tax act; and whether the Kentucky sales tax program, as now interpreted, violates the Fourteenth Amendment rights of Delta to due process and equal protection of the law.

Delta is a common carrier certified to transport passengers and cargo in interstate commerce. Its routes include flights which enter and depart from Kentucky's three major airports in Lexington, Louisville and Covington.

Shortly after the Kentucky General Assembly enacted a sales and use tax on retail sales and the consumption of personal property in 1960, the Revenue Department met with several airlines and developed a formula to calculate the tax to be paid by the airlines. The formula was based on the amount of fuel and meals purchased in Kentucky and consumed within the state's borders. Delta paid the tax according to this formula for the next seventeen years. The Revenue Department, in 1979, indicated that it was discontinuing the use of the formula because it believed it was improper and that in the future Delta would be expected to pay tax on all fuel and food purchases made in Kentucky pursuant to KRS 139.200. No attempt was made by the state to recoup earlier taxes. Delta filed a suit for refund over this question and now challenges the application of the statute by the Revenue Cabinet.

The Board of Tax Appeals, the circuit court and the Court of Appeals upheld the assessment for sales and use taxes against Delta as to fuel purchases. The Court of Appeals remanded the part of the case involving food to the Board of Tax Appeals for a determination of fact questions. This Court granted discretionary review.

This Court affirms the decision of the Court of Appeals.

 The meaning of KRS 139.200 is clear. It imposes a sales tax on all retail sales. KRS 139.210 provides for the collection of the tax from the consumer. The 1961 formula authorized by the Department was clearly contradictory to the plain meaning of the statute. There is no unfairness or illegality in imposing a uniform sales tax on fuel and food purchased in Kentucky by Delta. The same result would apply to any purchaser who does not have a statutory exemption. The statute and the new administrative plan adopted by the Department in 1979 is not an unreasonable burden on interstate commerce. If Delta pays the Kentucky sales tax on fuel it purchases here, it would not be subjected to any additional use taxes from any other jurisdiction whose air space it might use while consuming the fuel or other items of tangible personal property. Kentucky is not imposing any tax on items consumed over Kentucky which were purchased in other states. There is no double taxation.

 There are statutory exemptions provided in KRS 139.470(5) and such application can be made by Delta to determine if it qualifies for such an exemption. The burden is on the airline to demonstrate its entitlement to an exemption. KRS 139.260.

The mere existence of other related sections and regulations concerning sales tax does not make KRS 139.200 ambiguous. KRS 139.260 creates a presumption to be used when the facts are not completely developed to support the imposition of a tax. There is no ambiguity or confusion because of KRS 139.470(1). If the revenue

statute conflicts with the Kentucky or United States constitution, it is simply void, but it is not ambiguous.

■ A non-discriminatory sales tax is not repugnant to the Commerce Clause of the Federal constitution, even though the item taxed may thereafter be used in interstate commerce. *Eastern Air Transport, Inc. v. South Carolina Tax Commission,* 285 U.S. 147, 52 S.Ct. 340, 76 L.Ed. 673 (1932). What is being taxed is the local transaction, the sale and use of fuel. For additional discussion, *see, Annotation-State Taxes-Air Carriers-Validity,* 31 L.Ed.2d 975.

■ Here the tax is simply a sales tax imposed on sales consummated in this state. The Kentucky sales tax is within the purview of *Eastern Air Transport, supra,* that a nondiscriminatory sales tax does not infringe on the Commerce Clause.

It should be noted that trucks and other motor common carriers pay the substantial equivalent of sales tax on their fuel purchases in Kentucky. Any motor carrier who fails to pay taxes levied under KRS Chapter 138 is subject to paying use tax on all fuel purchased in Kentucky pursuant to KRS 139.500(2).

■ Exemptions from taxation are generally disfavored and all doubts are resolved against an exemption. The law favors equality, uniformity and impartiality in taxation. 3 Sutherland, *Statutory Construction* § 66.09, at 207 (4th ed. 1974). Kentucky has followed this principle in *Kentucky Dept. of Revenue v. Bomar,* Ky., 486 S.W.2d 532, 533 (1972).

■ The broad discretion to legitimately classify various taxpayers has long been recognized. The argument by Delta that it must be exempted because railroads and barge lines have been exempted from paying sales tax on fuel is unconvincing. The classification is legitimate and does not violate Section 2 and Section 171 of the Kentucky constitution, nor does it impinge on the due process and equal protection clauses of the Federal constitution.

■ The standards for classifications under the Kentucky constitution are the same as those under the Fourteenth Amendment to the Federal constitution. *Reynolds Metal Co. v. Martin,* 269 Ky. 378, 107 S.W.2d 251, 260 (1937). A single standard can be applied to both the State and Federal constitutions in regard to classification for sales tax exemptions. *See, Department of Revenue v. Spalding Laundry & Dry Cleaning Co.,* Ky., 436 S.W.2d 522, 524 (1968). This Court has determined that economic factors are valid considerations which the legislature may take into account in developing a legitimate tax classification. The legislature has a great freedom of classification and the presumption of validity can be overcome only by the most explicit demonstration that it is hostile and oppressive against particular persons and classes. *Madden v. Kentucky,* 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590, 125 A.L.R. 1383 (1940).

*Reynolds Metal Co., supra,* indicates that the legislature may properly classify occupations for tax purposes based on the competitive environment in which they operate and the overall economic impact on the state economy. In that case the court endorsed an exemption for the banking industry because it was of critical importance to the total state economy.

■ The different tax treatment for airlines, truck lines, barge lines, bus lines and railroad lines can be justified by their different competitive environment and their different significance to the overall state economy. The railroads and barges are critical to the marketing of Kentucky coal. The exemption for barge and rail lines can be justified as a reasonable effort to maintain the viability of transportation systems which are necessary to the state's economy and threatened by the great competitiveness of other forms of transportation. The courts cannot assume that the actions of the legislature are capricious and generally they are afforded the presumption of regularity. Taxation may be used to promote competitive conditions and to equalize economic advantage. *See, Great Atlantic*

*and Pacific Tea Company v. Grosjean,* 301 U.S. 412 at 426, 57 S.Ct. 772 at 777, 81 L.Ed. 1193, 112 A.L.R. 293 (1937).

■ Certain inherent differences between various types of common carriers may be recognized by separate classification as to taxes so long as they are not totally arbitrary, and there has been no showing of a violation of equal protection. *Senn Trucking Company v. Wasson,* 280 S.C. 279, 312 S.E.2d 252 (1984), cert. den. —— U.S. ——, 104 S.Ct. 3537, 82 L.Ed.2d 841 (1984). This case involved a dispute between a trucking company and a railroad exemption.

■ A classification by the legislature should be affirmed unless it is positively shown that the classification is so arbitrary and capricious as to be hostile, oppressive and utterly devoid of rational basis. Delta did not make such a showing.

Although similarities can be found whereby airlines, railroads and barges could be uniformly classified, there are many dissimilarities. We must conclude that the legislature's failure to provide airlines with a similar exemption does not make the application of sales tax unconstitutional. Delta can pursue an exemption if it complies with and qualifies under KRS 139.470(5). If it needs further exemption, it must approach the General Assembly.

■ The doctrine of contemporaneous construction has no application to a state agency's interpretation of the Federal constitution, and it does not apply to a clear and unambiguous statute.

■ The contention by Delta that various provisions of Chapter 139, when read together, create a practical ambiguity as to the application of the sales tax on jet fuel is without merit. The further argument that this alleged ambiguity serves as a basis for the application of the doctrine of contemporaneous construction to those statutes in order to require the Revenue Cabinet to continue its previous erroneous policy of prorating sales tax is unpersuasive. This doctrine has no application to a state agency's interpretation of the Federal Constitution. The position of Delta could result in the Federal constitution meaning one thing in Kentucky and another in other states. A construction of a general statute by officials of a particular locality carries little weight because the construction must be uniform to be binding on all those affected by the law. 2A Sutherland, *Statutory Construction* § 49.05 at 239 (4th ed. 1973); *City of Louisville v. Board of Education,* 154 Ky. 316, 157 S.W. 379 at 380–381 (1913).

■ The arguments of Delta extend the doctrine of contemporaneous construction beyond any ascertainable precedent. The primary statute is not ambiguous. KRS 139.200. There is no basis for application of the doctrine. An unambiguous statute is to be applied without resort to any outside aids. *Gateway Construction Company v. Wallbaum,* Ky., 356 S.W.2d 247 (1962). The Kentucky statute is imposed on retail sales and all retailers. There is nothing in the law which indicates that a retailer is relieved from collecting the tax from a purchaser because the purchaser will thereafter take the goods out of the state. There is no ambiguity requiring the use of extrinsic aids to construe the statute.

■ KRS 139.470(1) exempts certain kinds of transactions to protect the constitutionality of the sales tax by prohibiting its application to constitutionally protected sales. Jet fuel sales are not constitutionally protected. *Eastern Air Transport, supra.* There is no basis upon which to support the erroneous interpretation by the Revenue Department in 1961 of a proration policy. No statute expressly or impliedly creates an exception for Delta. There is no ambiguity in the statute so as to create a proration policy by way of a proper interpretation of the revenue statutes. The proration policy was not tied in any way to the statutes in question.

■ The Revenue Department, in 1961, simply misinterpreted the application of the statute to the product. The doctrine of contemporaneous construction cannot be

validly applied to a mistake by an agency of the application of the Federal constitution to state law.

■ KRS 139.480(1) and KRS 139.483 create no ambiguity for KRS 139.200. They merely exempt fuel for trains and motor vessels and supplies consumed ·by a crew on a motor vessel. These exemptions do not indicate any intention by the legislature to avoid unconstitutional state taxation on the purchases of interstate common carriers. The Board correctly concluded that equality and uniformity were required only among airlines as a separate classification of taxpayer.

■ The existence of the proration policy does not establish any statutory ambiguity. Delta has not demonstrated precisely where the alleged ambiguities may be found. It must be remembered that the proration directive of 1961 is erroneous because it contradicts the plain meaning of the tax statute, KRS 139.200.

■ The failure of a public officer to correctly administer the law does not prevent a more diligent and efficient public administrator to bring into the revenue proper subjects of taxation. An erroneous interpretation of the law will not be perpetuated. *City of Louisville v. Board of Education, supra; See,* 71 Am.Jur.2d, *State and Local Taxation,* § 328; 2A Sutherland, *Statutory Construction* § 49.-05, at 239 (4th ed. 1973). The legislature never adopted an exemption for airline fuel purchases. The Department of Revenue did not have authority to adopt the proration policy in 1961, and it also had an affirmative responsibility to abandon that erroneous policy when it discovered its error.

■ Although generally the courts give great deference to an agency interpretation of the regulations and the law underlying them, that does not rise to an abdication of the court's responsibility to finally construe the same statute or regulation. In matters of statutory construction, the courts have the ultimate responsibility, particularly in the area of constitutional law.

4 Davis, *Administrative Law Treatises* § 30.09 (1st ed. 1958).

■ Moreover, an administrative construction arrived at in an uncontested non-adversarial proceeding is not entitled to great weight. *See,* 2A Sutherland § 49.05, *supra,* and *Kentucky Board of Tax Appeals v. Citizens Fidelity Bank & Trust Company,* Ky., 525 S.W.2d 68 (1975).

■ We are persuaded by the validity of the Illinois decision in *United Air Lines v. Mahin,* 49 Ill.2d 45, 273 N.E.2d 585 (1971), affirmed with remand, 410 U.S. 623, 93 S.Ct. 1186, 35 L.Ed.2d 545 (1973), involving air fuel and the application of a use tax. The rule of contemporaneous construction by an administrative agency is not binding on the courts if it is erroneous and if the statute is unambiguous.

■ The 1982 adoption of a sales tax exemption for interstate air carriers clearly demonstrates that there is not and never has been an exemption for fuel purposes. KRS 139.480. The enactment of exemptions for certain items with a clear exception of fuel demonstrates that the legislature did not intend to exempt fuel sales from taxation. KRS 139.480(1). This action was after the Revenue Cabinet's 1978 decision to correct the previous proration policy and must be presumed to be within the knowledge of the legislature and certainly within Delta's knowledge.

■ In regard to the matter of food purchases, we affirm the decision of the Court of Appeals because there is no indication by the Board or the trial court as to whether 103 KAR 27:080 should be applied to food purchases and we have no finding of fact on the issue of whether any meals are taxable in Kentucky. Consequently we must remand this aspect of the case to the Board of Tax Appeals for a further determination.

It is our conclusion that the Commerce Clause of the Federal constitution permits the levy of a non-discriminatory sales tax on purchases of fuel by Delta in Kentucky. Airlines may be separately classified for

sales tax without a violation of the Equal Protection Clause.

There is no express or implied exemption for fuel purchases by airlines. All exemptions from taxation must be strictly construed and all doubts are to be resolved against an exemption. Here there is no rational basis for implying an exemption because there is no ambiguity in the law whose construction must be utilized to create such an exemption.

There is definite evidence in the form of KRS 139.480(16), which indicates a specific legislative intent that air carrier fuel is not exempt. There is also the fact that the proration policy is in direct conflict with the tax levy statute, KRS 132.200.

The decision of the Court of Appeals and the judgment of the circuit court and the ruling of the tax court are affirmed.

AKER, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., dissents by separate opinion.

STEPHENS, C.J., joins in his dissent.

STEPHENSON, Justice, dissenting.

While I agree that Delta could be charged sales tax on the full amount of all fuel purchases in this state, the fact is that any charge against Delta in the circumstances of this case is discriminatory. Railroads, ships, and vessels are exempted, and regardless of the dubious validity of these exemptions, they are common carriers engaged in interstate commerce the same as Delta. Thus, any attempted enforcement of the sales tax against Delta violates equal protection, as well as the uniformity provisions of Section 171 of the Kentucky Constitution and the "arbitrary" provision of Section 2.

The attempt by the majority to justify the exemption as to ships, vessels, and railroads simply falls short of any definition of a reasonable classification.

Accordingly, I dissent.

STEPHENS, C.J., joins in this dissent.