CALUMET FARM, INC. Appellant,

v.

REVENUE CABINET, COMMON-WEALTH OF KENTUCKY Appellee.

No. 89–CA–000650–MR.

Court of Appeals of Kentucky.

March 2, 1990.

Case Ordered Published by Court of Appeals April 6, 1990.

Discretionary Review Denied by Supreme Court Sept. 19, 1990.

Gary Robert Matthews, Downing, Matthews & Willmott, Jackson W. White, Stoll, Keenon & Park, Lexington, for appellant.

Stephen G. Dickerson, Revenue Cabinet, Frankfort, for appellee.

Before HOWERTON, C.J., and DYCHE and REYNOLDS, JJ.

DYCHE, Judge.

Calumet Farm, Inc. [hereinafter "Calumet"] appeals from a decision of the Fayette Circuit Court affirming a ruling by the Board of Tax Appeals, which upheld a deficiency assessment levied by the Revenue Cabinet pursuant to KRS 139.531(1)(a). We affirm.

From October 1, 1982 through February 28, 1985, Calumet sold and conveyed a number of "lifetime breeding rights" in its stallion Alydar. Basically, each purchaser acquired a right to breed one mare each year, and one additional mare in each alternate year, to Alydar, during the lifetime of the stallion. Additionally, the rights were accorded priority over other breeding interests, were fully insurable and transferable, subject to a right of first refusal in the stallion manager. The purchasers of these rights acquired no interest in the horse itself, but only an interest in the breeding rights of the animal.

KRS 139.531 provides, in part:

Application of taxes to horse industry.— Notwithstanding all other provisions of this chapter, the taxes imposed by this chapter shall apply to the horse industry as follows:

(1) The taxes imposed under the provisions of this chapter shall apply to the following transactions:

(a) Fees paid for breeding a stallion to a mare in this state;

.    .    .    .    .

(2) The taxes imposed under the provisions of this chapter shall not apply to the sale or use of:

(a) Horses, or interests or shares in horses, provided the purchase or use is made for breeding purposes only; ...

Calumet contends that the lifetime breeding right constitutes a tax-exempt interest in the horse, within the meaning of KRS 139.531(2)(a). However, a lifetime breeding right is, in its simplest form, a fee paid, albeit substantial, for breeding a stallion, Alydar, to a mare in this state for the

lifetime of the stallion, and thus, falls squarely within the confines of the taxing statute, KRS 139.531(1)(a).

Calumet argues that the interest conveyed by a lifetime breeding right is substantially equivalent to a share, thereby complying with the exemption statute. No interest is conveyed by the lifetime breeding right other than an interest in the breeding right of the stallion, whereas a share transfers an ownership interest in the horse itself.

Although Calumet's contention that the statutory construction espoused by the circuit court is erroneous may be meritorious, nevertheless, we feel that the "interest" as mentioned in KRS 139.531(2)(a) contemplates some type of interest in the horse itself, which is not present in this case. Paragraph four of the "Alydar Breeding Rights Agreement" provides, in part, that

Nothing herein contained shall be construed to vest in the Purchaser any interest in the Stallion other than the Breeding Right and the Purchaser shall not, by virtue hereof, become the owner of a fractional interest in the Stallion.

Thus, the agreement militates against the transfer of any interest in the stallion, except the breeding right.

The decision of the Fayette Circuit Court is affirmed.

REYNOLDS, Judge, concurs.

HOWERTON, Judge, concurring.

Counsel for Calumet has made several excellent arguments for why the sale of the "lifetime breeding rights" is a tax exempt transaction under KRS 139.531(2)(a). Possibly, the buyer did acquire some "interest" in Alydar, considering a broad definition of the word "interest." Maybe the buyer did acquire a depreciable asset. Clearly, that fact makes a difference when compared to a fee paid for a breeding season. The latter would be treated as an expense. But, although an automobile purchased for a business is depreciable, it is also subject to a sales tax.

I am convinced that the General Assembly intended to tax breeding fees, and I am

unconvinced that it intended to exempt Calumet's novel plan to sell "lifetime breeding rights" in Alydar. Exemptions from taxation must be clear as they are disfavored, and all doubts must be resolved against the exemption. *Delta Air Lines, Inc. v. Commonwealth of Kentucky, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985).

The judgment of the Fayette Circuit Court should be affirmed.