## Reeves v. Fenley's Model Dairy, Inc.

January 16, 1951.

W. Scott Miller, Judge.

A. E. Funk, Attorney General, Hal. O. Williams, Assistant Attorney General, for appellant.

Henry L. Brooks for appellee.

JUDGE HELM—Affirming in part and reversing in part on defendant's appeal and affirming on cross appeal.

Appellee, Fenley's Model Dairy, Inc., brought this declaratory judgment action asking an exemption under KRS 136.240(2) from payment of the utilities gross receipts tax on electric current and gas used by it in its manufacturing and processing business. Appellee is engaged in the dairy business, including the process of preparing fluid milk for retail and wholesale distribu-

tion, and the manufacturing of dairy products such as cheddar and cottage cheese, condensed and evaporated milk, ice cream and ice cream mix, flavored drinks and butter.

Appellant demurred to appellee's petition as amended. The parties filed a stipulation as to Regulation TL2 of the Department of Revenue. The Chancellor overruled the demurrer to plaintiff's petition as amended. Appellant declined to plead further. The Chancellor entered a judgment from which appellant has appealed. Appellee cross-appeals.

It is admitted that the exemption applies to the use of electric current and gas used by appellee in manufacturing its products. The only questions here are: "(1) Is the preparation of fluid milk for distribution 'processing' and the utilities utilized specifically exempt from the utilities gross receipt tax, and (2) is the regulation of the Department of Revenue denying the tax exemption unless separate meters are installed to measure the exempt and nonexempt use of utilities a reasonable regulation?"

The applicable part of KRS 136.240(2) is: "No tax is imposed * * * upon the sale of electric current or artificial or natural gas for use in manufacturing, processing, mining or refining."

Webster defines "process" as: "To subject to some special process of treatment. Specif.: (a) To heat, as fruit, with steam under pressure, so as to cook or sterilize. (b) To subject (esp. raw material) to a process of manufacture, development, preparation for the market, etc.; to convert into marketable form, as livestock by slaughtering, grain by milling, cotton by spinning, milk by pasteurizing, fruits and vegetables by sorting and packing." See, Sugar Creek Creamery Co. v. Walker, 1945, 208 Ark. 639, 187 S. W. 2d 178.

The Chancellor made a declaration of rights and entered judgment as follows:.

"(1) An actual controversy exists between the plaintiff and defendant.

"(2) The manufacturing of dairy products such as cheddar and cottage cheese, condensed and evaporated milk, ice cream and ice cream mix, flavored drinks, and

butter is 'manufacturing' and the utilities used by the plaintiff in manufacturing are exempt from the utilities gross receipts tax.

"(3) The preparation of raw milk by pasteurization for retail or wholesale distribution is 'processing' and this includes the receiving of raw milk, inspection, standardization, pasteurization, and/or homogenization and the bottling and packaging of the pasturized milk, and the use by the plaintiff of electrical current, water, artificial, natural or mixed gas in this process is exempt from the utilities gross receipts tax.

"(4) The use by the plaintiff of electrical current, water, artificial, natural or mixed gas in the lighting or ventilation of its plant, the rest rooms and office space reasonably necessary and essential to the proper operation of the businesses of manufacturing and processing is a part of its manufacturing and processing businesses and is exempt from the utilities gross receipts tax.

"(5) The plaintiff's use of utilities for the sale and distribution of its products is not a part of the manufacturing and processing business of the plaintiff and the utilities so used by the plaintiff in its sales office, display room, garage, and office quarters which are used for purposes other than those essential and germane to the manufacturing and processing business of plaintiff are not exempt from the utilities gross receipts tax.

"(6) The regulation of the defendant, Department of Revenue, known as TL2, approved August 29, 1949, is as follows: 'With respect to the exemption of electric current and artificial or natural gas used in manufacturing, processing, mining or refining, * * * it is the opinion of this Department that the law imposes the tax on all of the water, current, or gas furnished through one meter, if any of the water, current or gas furnished through that meter is taxable. In case all of the water, current, or gas furnished through a meter is used for exempted purposes except a part which is sold at a flat rate to a second party, the tax is imposed only on the receipts from the flat rate sales.' This regulation is a proper, reasonable and legal regulation within the powers of the Department of Revenue and is binding on the plaintiff and all others similarly situated.

"(7) Electrical current, artificial, natural or mixed gas used by the plaintiff in its manufacturing and pro-. cessing businesses as defined herein are not exempt from the utilities gross receipts tax unless separate meters are provided to measure the exempt and the non-exempt use of such utilities."

In Items 3 and 4 of his judgment, the Chancellor included water with electrical current and gas. In KRS 136.240(2) no tax is imposed upon sales of electric current, water or gas for the purpose of resale, but water is excluded from that part of that section applicable to manufacturing, processing, mining or refining. With this exception, we believe the Chancellor reached the correct conclusions.

The judgment is affirmed in part and reversed in part on the appeal, and affirmed on the cross-appeal.