PETE KOENIG COMPANY, Appellant,

v.

DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 18, 1983.

Discretionary Review Denied
Sept. 14, 1983.

Robert M. Klein, David L. Gittleman, Gittleman & Barber, Louisville, for appellant.

Nathan Goldman, Legal Services Section, Revenue Cabinet, Frankfort, for appellee.

Before HOGGE, PAXTON and WILHOIT, JJ.

PAXTON, Judge.

Pete Koenig Company appeals from a judgment of the Jefferson Circuit Court affirming a ruling of the Kentucky Board of Tax Appeals. The issue presented is whether 103 K.A.R. 26:070 is consistent with KRS 139.310. We hold that it is and affirm.

KRS 139.310 provides:

An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased on and after April 1, 1968 for storage, use or other consumption in this state at the rate of five per cent (5%) of the sales price of the property.

103 K.A.R. 26:070 provides that a contractor is considered to be a consumer of materials and supplies used to fulfill contracts and further that:

(3) A contractor may not claim that the purchase of materials or fixtures is not subject to the tax because the property is to be used in fulfilling a contract with the federal government, state government or political subdivision thereof, or any department, agency, or instrumentality of the federal government, state government or political subdivision thereof, or with a religious, educational, or charitable institution.

The facts were stipulated. Koenig is a plumbing, heating, air-conditioning and mechanical contractor. It provided materials and labor pursuant to two contracts with the Transit Authority of River City in construction and renovation of a building for its new headquarters. The Kentucky Department of Revenue assessed the use tax on all materials used by Koenig in fulfillment of the contracts. The Kentucky Board of Tax Appeals upheld the assessment. Koenig appeals the Jefferson Circuit Court's approval of the Board's ruling.

KRS 139.310 assesses a use tax on the consumption of materials. 103 K.A.R. 26:070 makes it clear that a contractor is a consumer of materials it uses in fulfillment of its contracts even if the entity it contracts with is itself exempt from the tax. The regulation is neither arbitrary nor unconstitutional; it is a proper and reasonable clarification of the statute. *Reeves v. Fenley's Model Dairy*, Ky., 314 Ky. 380, 235 S.W.2d 995 (1951).

The judgment of the trial court is affirmed.

All concur.