NOWSCO WELL SERVICE, Appellant,

v.

REVENUE CABINET COMMONWEALTH OF KENTUCKY,
Appellee.

No. 89–CA–2542–MR.

Court of Appeals of Kentucky.

Dec. 21, 1990.

Case Ordered Published by
Court of Appeals Feb. 15, 1991.

David S. Waskey, Susan L. Williams, Peter Ervin, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, for appellant.

Douglas M. Dowell, Legal Services Division, Revenue Cabinet, Frankfort, for appellee.

Before HOWERTON, C.J., and McDONALD and WEST, JJ.

McDONALD, Judge.

Nowsco Well Service, a foreign corporation, has appealed from the judgment of the Franklin Circuit Court which upheld the decision of the Kentucky Board of Tax Appeals. The board had upheld a decision of the Revenue Cabinet which determined the appellant owed over $55,000 in use taxes on raw materials and supplies used in its business and on equipment located at its storage facility in Columbia, Kentucky. The appellant does not dispute the amount but rather challenges its liability for any amount of use tax.

Nowsco provides services to others involved in the production of oil and gas. Nowsco sends men, equipment and materials to the site of a potential oil or gas well to cement the well, a very specialized process designed to encase the well tubing already in place in a well already drilled. The company performs other services such as acidizing and fracturing to stimulate well production. The board found as follows:

3. Nowsco does not perform as part of its well equipping services in Kentucky

any drilling for extraction of minerals. It does not sell any of the minerals extracted from the wells it services and does not have any ownership interest in these wells.

The evidence in the record is clear and unrefuted that Nowsco is not directly involved in the extraction of oil and gas but provides various services to those so engaged.

Nowsco contends that it is entitled to an exemption from the use taxes on its equipment and supplies required by KRS 139.-310. This statute provided at all times at issue as follows:

> An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased on and after April 1, 1968, for storage, use or other consumption in this state at the rate of five percent (5%) of the sales price of the property.[1]

The exemption relied upon by Nowsco is found in 103 KAR 30:130 which provides in part:

> Section 1. Gross receipts derived from the sale of, and the storage, use or other consumption in this state of, tangible personal property to be used in the manufacturing or industrial processing of tangible personal property which will be for sale are not subject to the sales or use tax. Such property shall be regarded as having been purchased for resale. Section 2. Industrial processing includes refining, extraction of petroleum and natural gas, mining, quarrying, fabricating, and industrial assembling.

◼ The board concluded, and we agreed, that Nowsco is not entitled to the exemption contained in 103 KAR 30:130 as Nowsco is not a manufacturer nor in the business of industrial processing. Instead the board determined that as "the raw materials and industrial supplies are consumed as part of Nowsco's services, these items are subject to the use tax." The board cited as authority 103 KAR 26:010 and *Pete Koenig Company v. Department of Revenue*, Ky.App., 655 S.W.2d 496

(1983). 103 KAR 26:010(1) states: "Persons engaged in the business of rendering services are consumers, not retailers, of the tangible personal property which they use incidentally in rendering the service."

The exemption contained in 103 KAR 30:130 is not available to the appellant because it very clearly pertains only to those involved in the manufacturing and industrial process who produce something to be resold. Nowsco produces nothing to be resold. The evidence is overwhelming that Nowsco is a service organization. It provides a service to manufacturers and/or industrial processors. As such both the regulation relied upon by the board and the *Pete Koenig Company* case provide ample authority for the determination that the tax is owed.

Nowsco's reliance on the cabinet's Revenue Circular 51CO13 is curious. While that circular states that the materials used in the type of work performed by Nowsco are tax exempt, the circular also clearly states that the exemption applies only to owners or operators directly engaged in the extraction of oil and gas. "Contractors are the consumers of supplies used in performing these services [drilling and equipping wells] and are subject to sales or use tax at the time of purchase." *Id.* This circular in no way supports Nowsco's position and we are at a loss to comprehend its reliance on this publication of the cabinet.

◼ Of course, a company could be both involved in the business of providing services and in retail sales. Thus the appellant argues in the alternative that no use tax is owed on its supplies as it sells those supplies to its customers. As evidence Nowsco points to its invoices which list the supplies separately from other charges. Nowsco's argument in this regard is specious. The evidence is overwhelming, as the board found, that the supplies are totally consumed by Nowsco while it performs its services. Nowsco does not sell its supplies to anyone other than to those who hire it to perform its well services. There was no evidence that it leaves any of its

---

1. The statute was amended in 1990 to reflect an increase in the tax rate to 6%.

supplies with its customers or that its customers would need the supplies once Nowsco had performed its work at the site. Furthermore, there was no evidence presented before the board that Nowsco had ever obtained a retail sales permit nor did the invoices indicate that Nowsco had charged its customers a sales tax on the supplies. There was no evidence or allegation that Nowsco had paid a sales tax on the items. In short, the findings of the board are amply supported and there simply is no evidence to support Nowsco's theory that it was making retail sales of its supplies.

Finally, Nowsco alleges error in the imposition of taxes on certain pieces of its equipment including a motor, a generator, an 8,000 gallon tank and a cyrogenic pump. Nowsco asserts that this equipment was first installed and used in Kentucky and therefore exempt under KRS 139.480(8) which provides:

> 139.480. Property exempt.—Any other provision of this chapter to the contrary notwithstanding, the terms "sale at retail," "retail sale," "use," "storage," and "consumption," as used in this chapter do not include the sale, use, storage, or other consumption of:
>
> . . . .
>
> (8) Machinery for new and expanded industry.

KRS 139.170 defines "machinery for new and expanded industry" to mean that "used directly in the manufacturing or processing production process, which is incorporated for the first time in the plant facilities established in this state...." Again the board determined that as Nowsco is not involved in the production of extracting oil and gas it is not entitled to the exemption. Nowsco states in its brief that it "uses raw chemicals and other materials which have no commercial value, and by processing them through their machinery, creates a marketable commodity for resale." The evidence before the board reveals that Nowsco does not produce a marketable commodity. Instead it provides a service to various clients who produce oil and gas. Nowsco's machinery is not "incorporated"

at any facility that extracts oil and gas. Keeping in mind the principles that exemptions from taxes are disfavored and "all doubts are resolved against any exemption," *see Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* Ky., 689 S.W.2d 14, 18 (1985), we believe the facts and the law support the board's determination in this regard. Apparently the legislature, wanting to create an exemption to lure manufacturers to the Commonwealth, did not choose to extend the exemption to machinery belonging to service and other industries. *See Department of Revenue v. Spalding Laundry & Dry Cleaning Company,* Ky., 436 S.W.2d 522 (1968). That Nowsco provides services to a manufacturer or producer of a marketable product does not change the nature of its status under the laws pertaining to revenue.

Accordingly, the judgment of the Franklin Circuit Court is affirmed.

All concur.