Alfred.S. PORTWOOD, Commissioner of
Alcoholic Beverage Control, et al.,
Appellants,

v.

FALLS CITY BREWING COMPANY
et al., Appellees.

Court of Appeals of Kentucky.

Oct. 31, 1958.

Thomas P. Bell, Department of Alcoholic Beverage Control, Frankfort, for appellants.

Joseph J. Leary, Frankfort, for appellees.

WADDILL, Commissioner.

This action tests the validity of certain regulations of the Alcoholic Beverage Control Board relating to the advertisement by trade name or trade-mark of alcoholic beverages by retail licensees. The regulations in question are as follows:

"ABC 11.10 *Signs in Retail Premises.* (Relates to KRS 244.130 and 244.140)

"(1) Signs, posters, placards, decorations or graphic displays, bearing advertising matters and for use in the windows or elsewhere in the interior of a retail establishment may be given, rented, loaned or sold to a retailer by

an industry member engaged in the business as a brewer or distributor of alcoholic beverages if they have no value to the retailer except as advertisements. Provided that the industry member shall not directly or indirectly pay or credit the retailer for displaying such materials or for any expense incidental to this operation. Illuminated advertisements are prohibited, where the illumination is an integral part of the sign. Seasonal, temporary display advertisements may have illuminated reflections. * * *."

"ABC 11.20 *Outside Signs—Retail Premises; First and Second Class Cities.* (Relates to KRS 244.130, 244.140 and 244.530)

"(1) Overhanging, illuminating and like signs, posters, placards, decorations or graphic displays, overhanging on the outside of a retail establishment and which bear a trademark, trade name, trade slogan or facsimile of a product, container, or display, associated with a particular brand are prohibited. Signs pertaining to brands located upon the wall of the licensed premises are permitted. * * *."

The circuit court invalidated the provision of regulation 11.10 which prohibits the use of "illuminated advertisements, where the illumination is an integral part of the sign," on the ground that the regulation is unreasonable since it has no rational connection with enforcement of the laws pertaining to alcoholic beverages. The court also invalidated regulation 11.20 because the advertising prohibited by this regulation is specifically permitted in cities of the first and second class by KRS 244.530.

In defense of regulation 11.10 it is contended that the ABC Board has authority to adopt reasonable regulations and that this regulation is a reasonable one.

■ As a general rule administrative agencies are vested with a great deal of discretion in exercising their authority. However, there are standards and limits which must be observed. Krenitz v. Baron, Ky., 252 S.W.2d 58; Shearer v. Dailey, 312 Ky. 226, 226 S.W.2d 955; Deckert v. Levy, 308 Ky. 67, 213 S.W.2d 431. A succinct statement of the rule is found in 42 Am. Jur., Public Administrative Law, Sec. 100, p. 430, where it is said:

"* * * Rules and regulations must be reasonably adapted to secure the end in view, and are invalid if shown to bear no reasonable relation to the purposes for which they are authorized to be made. * * *"

■ The circuit court correctly applied this rule when it said:

"* * * it appears to the Court that the illumination of the sign whether inside or outside the advertising device bears little relation to the policing of the sale of malt beverages. By the time the advertising device is in view of a member of the public he has entered the retail premises and the Court assumes that he entered such premises for the purpose of buying beer. * * It would appear to be of small significance whether the illumination of an inside sign is within or without the advertising device and so much of the regulation * * * would appear to be unreasonable."

Regulation 11.20 prohibits a licensee in cities of the first and second classes to advertise the name of a particular beverage upon an outside wall of the premises. This regulation is in conflict with the provisions of KRS 244.530 which provides:

"No malt beverage retailer shall advertise or permit to be advertised on the outside of his licensed premises any malt beverage by trade name, trademark or other particular characteristics, excepting in a city of the first or second class where such outside ad-

vertising shall be permitted if located upon a wall of the licensed premises."

The ABC Board cannot by the promulgation of a rule add to or take from the requirement of the statute it is administering. Roberson **v.** Schein, 305 **Ky.** 528, 204 S.W.2d 954. The rule applicable to a situation where an administrative regulation is in conflict with the provisions of a statute is clearly stated in 42 Am.Jur., Public Administration Law, Section 99, p. 428:

> "Administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency. The power to make regulations is not the power to legislate in the true sense, and under the guise of regulation legislation may not be enacted. The statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder. A rule which is broader than the statute empowering the making of rules cannot be sustained. Administrative authorities must strictly adhere to the standards, policies, and limitations provided in the statutes vesting power in them. Regulations are valid only as subordinate rules and when found to be within the framework of the policy which the legislature has sufficiently defined. * * *"

Complaint is made that appellees are not the real parties in interest in this litigation. The appellees are domestic brewers and a licensed retail beer dispenser. The record discloses that the breweries furnish the signs which have been brought under the prohibition of the regulations in question, and that licensed retailers of beer display these signs. Therefore, it is apparent that all interested parties are before the court in the class action.

The judgment appealed from is correct and it is affirmed.