**DEPARTMENT OF REVENUE, Com-monwealth of Kentucky, Movant,**

v.

**The EARLY & DANIEL COMPANY, INC., Respondent.**

Supreme Court of Kentucky.

March 9, 1982.

Ben B. Fowler, Bruce Clark, Stites, McElwain & Fowler, Frankfort, Stephen M. Nechemias, Scott A. Siebels, Taft, Stettinius & Hollister, Cincinnati, Ohio, for respondent.

Richard F. Newell, George W. Craven, Gary A. Tabler, Ogden, Robertson & Marshall, Rucker Todd, Joseph L. T. Ardery, Brown, Todd & Heyburn, Louisville, William D. Dexter, Gen. Counsel, Multistate Tax Com'n, Olympia, Wash., James K. Caudill, Tax Counsel Batus, Inc., Louisville, for amici curiae.

Steven Beshear, Atty. Gen., Alex W. Rose, Asst. Atty. Gen., Cathy Cravens Snell, Legal Services Div., Dept. of Revenue, Frankfort, for movant.

STERNBERG, Justice.

This litigation arose when the movant, the Department of Revenue, hereinafter referred to as Department, assessed additional corporate income tax due for 1972–1975 against respondent Early & Daniel Company, an Indiana corporation operating both within and outside Kentucky. It is the parent company of several domestic subsidiary corporations, and, most importantly, it is also the parent company of the Early & Daniel International Sales Company, Inc., hereinafter referred to as DISC. The DISC operates only in Ohio and is incorporated there. It has no employees and all but one of its directors are also directors for Early & Daniel Company. All DISC expenses are paid by the Early & Daniel Company.

In a final ruling based upon KRS 141.120, the Department determined that Early & Daniel and its DISC were unitary in nature and combined their incomes for apportionment purposes. The Board of Tax Appeals, on July 12, 1978, upheld this decision based upon KRS 141.010(14)(b), KRS 141.040 and KRS 141.120. Predicated upon our decision in *Square D Company v. Kentucky Board of Tax Appeals*, Ky., 415 S.W.2d 594 (1967), the Franklin Circuit Court, on March 12, 1980, reversed, holding that taxable income must have an identifiable source within the Commonwealth. The Court of Appeals affirmed on the ground that KRS 141.205 exclusively controls the procedure "for reporting of taxable net income where a corporation has had business dealings with its affiliates . . . ."

The parties and the courts below, in disposing of the issue, have waded into a mire of legal arguments requiring fine distinctions. We, however, find that the facts of this case are most crucial, in a practical application of the statutes, to its disposition.

■ A review of the nature and purpose of DISC compels the conclusion that the Department's action was correct and that the holdings of the Board of Tax Appeals should be reinstated. Batus, Inc., in an excellent amicus curiae brief, set out the purpose of a DISC in relation to its parent company. We agree with, and adopt as our own language, Batus' statement that "the conclusion is inescapable that E & D (Early & Daniel) and International (its DISC) are inseparable parts of a single business because the record shows that International had neither property nor personnel anywhere in the world, but was allocated a disproportionate share of the income of the business solely to maximize deferral of E & D's Federal income taxes." We have seen nothing to convince us that the DISC is

anything but a mere paper funnel created solely for federal tax purposes. Since the DISC's income would be attributable to Early & Daniel Company but for this *federal* tax arrangement, we hold that pursuant to the authority of KRS 141.010(14)(b), KRS 141.040 and KRS 141.120 the Department acted properly in combining the incomes for apportionment purposes.

 This disposition, based upon the peculiar facts presented in this type of case, requires little comment on the holdings of the lower courts. While this holding fits into the dictates of the *Square D* case, supra, relied upon by the circuit court, we think it is appropriate to note our agreement with the Court of Appeals that the statutory law has changed greatly since that case was decided and a source test, based on the statutes, is no longer justified. Further, we find no constitutional prohibition barring the Department's action.

 A detailed examination of the effect and exclusiveness of KRS 141.205 is likewise unnecessary under the facts before us in this case. We hold that the failure by the Department to follow KRS 141.205 does not prohibit the combining of income of a parent company and its DISC. While the proposition of dealing at arm's length is directed at KRS 141.205 and since this court holds that this statute is not applicable to the facts of this case, we, nevertheless, have no hesitation in holding that there was no "at arm's length" dealing between Early & Daniel and DISC, they being one and the same entity.

The decision of the Court of Appeals is reversed, and the decision of the Board of Tax Appeals is reinstated to the extent that it upheld the assessment of additional income tax due for 1972–1975 against respondent.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur, except CLAYTON, J., who dissents and states, "I would adopt the reasoning and result of the Court of Appeals."