**PADUCAH MARINE WAYS, INC., Appellant,**

v.

**REVENUE CABINET COMMONWEALTH OF KENTUCKY, Appellee.**

Court of Appeals of Kentucky.

June 5, 1987.

David C. Booth, McMurry & Livingston, Paducah, for appellant.

Celia M. Dunlap, Revenue Cabinet, Legal Services Section, Frankfort, for appellee.

Before CLAYTON, MILLER and WILHOIT, JJ.

CLAYTON, Judge.

This is an appeal from an order of the Franklin Circuit Court assessing a use tax on property used by the taxpayer in the construction and repair of ships and vessels. This decision reversed the ruling of the Kentucky Board of Tax Appeals which held that the property used by the taxpayer in the construction and repair of ships and vessels was exempt. We agree with the ruling of the Board of Tax Appeals and accordingly reverse the decision of the Franklin Circuit Court.

This opinion will be centered upon and for the most part limited to an interpretation of KRS 139.483 as we perceive this to be the central question. Appellant, Paducah Marine, is a commercial manufacturer and repairer of ships and other river vessels used principally in the transportation of property or in the conveyance of persons for hire. Appellee, Revenue Cabinet, audited Paducah Marine for the period of October, 1977, through March, 1983, and as-

sessed an additional sales and use tax. This deficiency assessment was based upon the Revenue Cabinet's determination that certain property purchased by Paducah Marine was not exempt from taxation under KRS 139.483. The Revenue Cabinet interprets the exemption as applying only to that material which actually becomes a part of the ship or vessel as a result of the construction or repair activity. Paducah Marine interpreted the exemption to apply to all property used in the repair or construction of ships and vessels.

KRS 139.483 states, in pertinent part, The taxes imposed under the provisions of this chapter shall not apply to the sale of or the storage, use, or other consumption of, ships and vessels, including property used in the repair or construction of, ... such ships and vessels....

The Revenue Cabinet challenges the Board of Tax Appeals' decision on the basis that it was not supported by substantial evidence citing *Tackett v. Ky. Unemployment Ins. Commission*, Ky.App., 630 S.W.2d 76 (1982). We disagree. In the instant case, there was testimony by the controller of Paducah Marine that the river industry had applied the exemption to all the property used in the repair and construction of vessels. There was testimony by a Revenue Cabinet official that the exemption applied only to that material incorporated into a ship or vessel during repair. This official conceded that the tax returns were cumulative and that they would not indicate which items were claimed as exempt. Paducah Marine maintained that they included all their property used in the repairs of ships and vessels in their previous audit covering January, 1965, through December, 1968. We believe the record contains substantial evidence upon which the Board of Tax Appeals could have based its decision.

The Revenue Cabinet would interpret KRS 139.483 in a manner similar to the exemption for railroads in KRS 139.480(1). That statute reads in pertinent part,

Locomotives or rolling stock, including materials for the construction, repair, or modification thereof, or fuel or supplies for the direct operation of locomotive and trains, used or to be used in interstate commerce.

This exemption for railroads has been judicially determined to be limited to those items which became a component part of the locomotive or rolling stock. *Louisville and N.R.R. v. Department of Revenue*, Ky.App., 551 S.W.2d 259 (1977). The Board of Tax Appeals declined to so hold and we find their reasoning persuasive.

The Board noted that where the language of a statute is not vague or ambiguous, it must be given its clear and commonly accepted meaning. By using the word "property" as opposed to "materials" it is clear that the Legislature was in no way attempting to limit or restrict the scope of the exemption. The interpretation of Paducah Marine is more reasonable especially in light of the fact that marine companies were involved in the adoption of this exemption as an integral part of the Port and River Development Commission Act. This act was promulgated for the purpose of promoting and developing navigation, river transportation, river ports and river port facilities. KRS 65.530. By giving the statute its clear and commonly accepted meaning, all property used in the repair and construction of ships and vessels would be exempt from sales and use tax.

We quote, with approval, from a portion of the Board's conclusions of law and adopt it as a part of this opinion:

It is well established that the practical construction of a statute by an administrative agency over a long period of time is controlling. *Barnes v. Department of Revenue*, Ky.App., 575 S.W.2d 169, 171 (1978). A review of the past practice of the Revenue Cabinet demonstrates that the agency has in the past allowed the exemption of *all* property used by Paducah Marine Ways, Inc. in the construction and repair of river vessels. Furthermore, it appears that the Revenue Cabinet has allowed such practice on an industry wide basis from 1966 until 1983. Furthermore, although the Revenue Cabinet may internally have had a policy not to allow such exemptions, no regulations were issued with regard to the exemp-

tion nor did it take any steps to make Paducah Marine Ways or the other river industry companies aware that the statute was not to be interpreted literally. Because the Revenue Cabinet has not previously assessed a use tax on the "property" in question, the Revenue Cabinet should not be permitted to impose a tax at this time without statutory authority. To deviate from their established practice amounts to "administrative manipulation" by the agency and such action cannot be taken without legislative authority.

The decision of the Franklin Circuit Court is reversed and the ruling of the Board of Tax Appeals is reinstated.

All concur.