ARMCO INC., Appellant,

v.

REVENUE CABINET COMMON-
WEALTH of KENTUCKY,
Appellee.

No. 87–SC–331–DG.

Supreme Court of Kentucky.

March 3, 1988.

Rehearing Denied May 19, 1988.

Irwin G. Waterman, Alan N. Linker, Michael T. Hymson, Morris, Garlove, Waterman and Johnson, Louisville, James D. Ryan, Armco Inc., Middleton, for appellant.

Ross T. Carter, Michael L. Henry, Revenue Cabinet, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which determined two Kentucky corporation income tax questions and one corporate license tax issue against Armco, an Ohio corporation doing business

in Kentucky and a number of other states. The case originated in the Kentucky Board of Tax Appeals.

Specifically, the issues are whether Kentucky law provides for the deferring of taxation of domestic international sales corporation (DISC) income; whether the Ohio franchise tax can be computed by reference to net income and is deductible and whether Armco may deduct investments in subsidiaries from capital subject to a license tax.

Armco argues that the DISC income is subject to Kentucky income tax only in the same manner and to the same extent as provided in the Federal Internal Revenue Code. It also contends that the Ohio franchise tax is deductible from gross income for the purpose of computing Kentucky income taxes and that its equity investments in its subsidiaries and income booked by it in excess of cash dividends are not capital employed for its business in Kentucky and therefore not subject to apportionment for the Kentucky corporation license tax.

The Court of Appeals affirmed the circuit court which had affirmed in part the decision of the Board of Tax Appeals but had reversed that portion of the Board's opinion which permitted the reduction of gross income by the amount of the Ohio franchise tax.

This Court affirms the decision of the Court of Appeals in respect to the DISC income question and the imposition of the corporation license tax, but reverses the Court of Appeals in regard to the matter of the Ohio franchise tax in question.

## I DISC Income

■ Armco argues its DISC income is excludable because the tax benefits available to a DISC under the Internal Revenue Code § 991 should be available to it in determining net income subject to allocation and apportionment by Kentucky. Armco claims that KRS 141.010 (12), which provides that corporate gross income as defined by Section 61 of the Internal Revenue Code supports such a view. We do not believe that the definition controls this situation.

We must consider the nature of a DISC. This type of entity was created by Federal law and is designed to encourage exports by providing favorable tax treatment to those companies involved in international trade. 26 U.S.C. 991–997. Armco, which operates a steel production facility in Ashland, Kentucky is acknowledged to be engaged in the international sale and manufacture of steel products together with other unrelated interests. Essentially Armco believes that if the Federal government chooses to promote foreign trade by tax incentives through a DISC, the state should be bound also because gross income determination incorporates the deductions provided by the IRS code. Armco also argues that the result is appropriate because Kentucky also has an interest in fostering foreign trade.

We do not agree. Kentucky has not adopted the entire Federal Internal Revenue Code. Kentucky has specifically accepted certain provisions of the Federal code defining gross income and the allowable deductions from gross income. Kentucky did not adopt the Federal income tax treatment of DISCs provided for in the Federal Act. *Kroger Co. v. Dept. of Revenue*, Ky.App. 556 S.W.2d 156 (1977), outlines the three-step procedure for computing the income of a multi-state corporation and the allocation and apportionment to Kentucky pursuant to KRS 141.120.

The system in Section 991–997 of the Internal Revenue Code does not exempt income but permits the deferring of income from taxation. Such income might later be taxed under the Federal code. 47A C.J.S. *Internal Revenue* § 442 (1987). But a state may not possess continuing ability to tax any deferred income of a DISC. We are not persuaded that it is to the interest of Kentucky to forego or defer taxation which it may not subsequently be able to assess. IRC Section 991 is not a deduction provision, it is a special treatment provision.

■ We should also examine the nature of the wholly-owned subsidiary of Armco which is really the corporation at issue.

Armco Export Sales Corporation which is the DISC, is a qualified domestic international sales corporation under the Internal Revenue Code. The DISC owns no property, other than receivables, had no employees other than its officers and directors and makes no sales itself. The sales, or exports, are made by the National Supply Division of Armco Inc., and a commission is paid to the DISC. Armco Inc., through its national supply division, sells the export receivables to the DISC. The officers and directors of the DISC during 1974, 1975 and 1976 were the same officers of Armco Inc. Armco also does business in West Virginia and Ohio, and for the years in question, Armco paid Ohio franchise taxes and West Virginia business and occupational taxes. All questions in litigation regarding the West Virginia taxes have been settled by the parties.

We believe that the Board of Tax Appeals and the circuit court and the Court of Appeals correctly interpreted the relationship between the DISC and Armco Inc. The Revenue Cabinet combined the net incomes of Armco and the DISC because the two were unitary. The unitary theory is a recognized and accepted method of determining the business income of two or more corporations. *Container Corporation of America v. Franchise Tax Board,* 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). The tests determining a unitary entity have been outlined in *Edison California Stores v. McColgan,* 30 Cal.2d 472, 183 P.2d 16 (1947). *Department of Revenue v. Early & Daniel Co., Inc.,* Ky., 628 S.W.2d 630 (1982) upholds the combination of income without discussing the unitary nature of the corporations.

The record supports the factual determinations by the Board of Tax Appeals of the unitary nature of Armco and the DISC. The order is supported by the findings. KRS 131.370(3)(d).

## II Ohio Franchise Tax

■ Armco also argues that its gross income should be reduced by the amount paid under the Ohio franchise tax, ORC 5733. The issue of deductibility turns on whether the Ohio tax was computed in whole or in part by reference to gross or net income. *See* KRS 141.010(13). The Board of Tax Appeals agreed with Armco, but the circuit court reversed and the Court of Appeals affirmed the circuit court with both courts holding that the Ohio tax could not be computed without reference to income of the taxpayer. Ohio taxes on the value of the issued and outstanding shares of stock of the taxpayer. ORC 5733.01 et seq. There are two methods of evaluating stock in Ohio before subjecting it to the tax provided in ORC 5733.06. The first method evaluates the stock on balance sheet information while the second uses as a basis the sum of the corporation's net income.

During the taxable years 1974, 1975 and 1976, Armco paid Ohio excise and franchise taxes and deducted these amounts from its Kentucky taxable income for the same years. Armco added back into income on its 1974 Kentucky income tax return the excess of the Ohio franchise tax computed on the income base over the tax computed on the net worth, which latter amount was then deducted. It is our view that the amount of the Ohio franchise tax not subject to deduction is limited to the excess, if any, of the tax determined on income over tax determined on book value.

The intent of KRS 141.010(13) is to deny a deduction for a tax which is in the nature of an income tax. The Ohio franchise tax actually paid was computed on the basis of Armco's net worth rather than upon its net income. Therefore, the tax was deductible. If the franchise tax paid had been computed on net income, it would not have been deductible. The Ohio franchise tax may be an income tax depending upon the method finally used to compute it in any particular year. Consequently, the Board of Tax Appeals was correct in allowing this deduction.

## III Corporate License Tax

■ Armco may not deduct investments in subsidiaries and book income from subsidiaries from its capital employed subject to the corporation license tax. The controlling statute is KRS 136.070.

Armco has as investments considerable stock in subsidiary corporations. It also carries on its books what are referred to as booked increases of its subsidiary's income. Armco argues that the investments in stock of subsidiary corporations are not capital within the meaning of the Kentucky statutes and it is not employed in the business.

After a careful examination of the record and the codes in question, we agree with the Court of Appeals and the circuit court as well as the Board of Tax Appeals. The investments were capital because they were created from paid-in capital or surplus.

The investments were properly considered as capital employed in the Armco operation. In this case, the Revenue Cabinet determined the value of the Armco capital for license tax purposes in the same way that is provided in *Kroger Co. v. Dept. of Revenue*, Ky.App., 614 S.W.2d 705 (1981). Armco does not assert that the accounts it wants excluded are not capital for accounting purposes. They claim that those accounts are not "capital employed in the Armco business in this state." The relationship of Armco and its subsidiary corporations is of value in the manufacture and sale of its products in the national and international market. The value is enhanced in an amount equivalent to the value of the stock. The accounts sought to be excluded are capital employed in the business and come within the definition of "capital employed" for the purpose of the license tax. The apportioned capital stock taxes have no Federal constitutional infirmities. The tax is fairly apportioned.

The booked income of the Armco subsidiaries constitute capital within the meaning of a Kentucky statute, and it is employed in the business of the company. The equity method of reporting income of a subsidiary on the books of a parent company renders the equity available as capital attributable to the parent and subject to use in furtherance of the commercial venture. *Kroger Co. v. Dept. of Rev., supra.* Cf. *Cities Service Co. v. Shirley McNamara, Collector of Revenue*, La., 366 So.2d 1013 (1979).

In summary, it is the holding of this case that Kentucky has not adopted the entire Federal Internal Revenue Code and that the DISC income is taxable. The Armco investments in its subsidiaries are capital employed under the definition of KRS 136.070, and those investments may not be excluded in determining the license tax liability of Armco. It is the method of computation in any particular year which determines whether the Ohio franchise tax should be considered as an income tax.

The decision of the Court of Appeals is affirmed in part and reversed in part.

All concur, except VANCE, J., who dissents by separate opinion.

VANCE, Justice, dissenting.

I dissent from that part of the majority opinion which holds that appellant is entitled to deduct a portion of its 1974 Ohio Franchise tax from its taxable income in Kentucky.

I would hold that the 1974 Ohio Franchise tax was computed with reference to appellant's income rather than net worth, and because of this computation of the franchise tax upon the basis of income, the applicable statute precludes the deduction of the amount paid as an Ohio Franchise tax.