LAND O'FROST, INC. *v.* James C. PLEDGER, Director
of Department of Finance and Administration

91-220                                              823 S.W.2d 887

Supreme Court of Arkansas
Opinion delivered February 3, 1992

*Wright, Lindsey & Jennings*, by: *Jimmy W. Mitchell*, for
appellant.

*Rick L. Pruett*, for appellee.

STEELE HAYS, Justice. Appellant, *Land O'Frost, Inc.*, is an
Illinois corporation. Appellant brought this suit for a refund of
corporate income taxes paid to the State of Arkansas by *Land
O'Frost Arkansas, Inc.*, an Arkansas corporation wholly owned

by appellant. Land O'Frost Arkansas operated a plant at Searcy and filed corporate tax returns for fiscal years 1983 through 1986. None of the returns reflected income or expenses of the appellant from its Illinois operations.

On December 31, 1986, Land O'Frost Arkansas, Inc., was merged into appellant, Land O'Frost, Inc. As successor in interest to the Arkansas corporation, appellant filed the amended returns which are the subject of this dispute. The returns included the Illinois operations of the appellant in computing "business income" under Ark. Code Ann. § 26-51-701(a) (1987) and requested a tax refund of $757,770, together with accrued interest.

Appellant's claims for refund were denied and when administrative remedies under the Arkansas Tax Procedure Act were concluded unsuccessfully, appellant brought this suit in the Chancery Court of White County.

The plaintiff and the defendant, James C. Pledger, Director of the Department of Finance and Administration, moved for summary judgment, directing their arguments to whether a corporate taxpayer may file Arkansas tax returns incorporating the unitary combined reporting method. Relying on the Department's Revenue Policy Statement 1984-2, the chancellor denied summary judgment to the appellant and granted the Commissioner's motion for summary judgment by order entered on April 1, 1991. On appeal to this court, appellant maintains the chancellor erred in ruling that the corporation was prohibited from filing corporate income tax returns according to the unitary combined reporting method. We reject the argument and affirm the order of summary judgment.

There is no contention on appeal that material facts are unresolved. Appellant argues that in *Pledger* v. *Illinois Tool Works*, 306 Ark. 134, 812 S.W.2d 101 (1991), this court held Revenue Policy Statement 1984-2 unconstitutional. The regulation reads in part:

> The Revenue Department will not utilize combined reporting to tax multistate or multinational corporations. Also, the Revenue Division will not accept returns filed on a unitary combined report basis.

Some three months after summary judgment was ordered in this case, *Pledger* v. *Illinois Tool Works, supra,* was decided. Appellant promptly moved to vacate the judgment in this case, but that motion was withdrawn.

[■] Appellant is entirely correct in its premise that *Pledger* v. *Illinois Tool Works,* struck down Revenue Policy Statement 1984-2 on constitutional grounds. However, that does not end the matter, for nowhere in this record do we find any challenge to the constitutionality of the statement, which we deem an essential requirement. Appellant cites *Huffman* v. *Dawkins,* 275 Ark. 520, 622 S.W.2d 159 (1981), for the principle that an unconstitutional statute must be treated as if it had never been passed. *And see Worth* v. *Civil Service Commission,* 294 Ark. 643, 746 S.W.2d 364 (1988). But while that is said to be the "general" rule, it has never been categorically true. *See* e.g., *Johnson* v. *State,* 248 Ark. 184, 450 S.W.2d 564 (1970); *Hall* v. *Hall,* 274 Ark. 266, 623 S.W.2d 833 (1981). We examined the rule of retroactivity in some depth in a comparable setting quite recently in *Seyller* v. *Pierce and Co., Inc.,* 306 Ark. 474, 816 S.W.2d 577 (1991).

The appellants in *Seyller,* as here, asked us to apply our decision in *Urrey Ceramic Tile Co.* v. *Mosley,* 304 Ark. 77, 805 S.W.2d 54 (1991) retroactively. In *Urrey* the commercial construction exception to the notice provision of the materialmen's lien statute was declared unconstitutional. Such a holding would have worked to the advantage of appellants in the *Seyller* case. We declined that request because the appellants in *Seyller,* not having preserved the issue before the trial court, were procedurally barred from raising it on appeal. We quote from the opinion in *Seyller*:

> We have stated that once a statute is declared unconstitutional, it is treated as if it had never been passed. *Bob Hankins Distrib. Co.* v. *May,* 305 Ark. 56, 805 S.W.2d 625 (1991); *Huffman* v. *Dawkins,* 273 Ark. 520, 622 S.W.2d 159 (1981). However, in this particular case, to treat the statute as if it had never been passed would require us to ignore the well-settled rule that even constitutional arguments are waived on appeal unless raised below. *Smith* v. *City of Little Rock,* 305 Ark. 168, 806 S.W.2d 371 (1991). Thus, before addressing the merits of appellants' second

argument, we must make a choice of law. In other words, we must decide if *Urrey* is applicable to the present case such that section 18-44-115(f) is considered never to have existed; or, if because appellants failed to preserve the constitutional argument for appellate review, is *Urrey* not applicable to the present case such that section 18-44-115(f) is considered to exist in this case.

In reaching our determination of the applicability of *Urrey* we consider the recent decision, *James B. Beam Distilling Co.* v. *Georgia*, ___ U.S. ___, 111 S.Ct. 2439, 115 L.Ed2d 481 (1991), where a plurality of the United States Supreme Court stated its position on the retroactive application of a decision to claims arising on facts antedating the decision. That position, as stated by Justice Souter who announced the judgment of the Court, is that once the Court has applied a rule of law to the litigants in one case, it must apply the same rule of law to all other litigants not barred by procedural requirements or *res judicata*. Thus, having no procedural bars, James B. Beam Distilling Company, as petitioner, received the benefit of a prior decision of the Court, *Bacchus Imports, Ltd.* v. *Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed2d 200 (1984), although it did not begin to litigate its case until after the *Bacchus* decision was rendered.

The identical rationale applies here and we decline to apply the holding of *Pledger* v. *Illinois Tool Works* retroactively.

The question remaining then, is whether the chancellor properly decided the issue presented to him according to the law then in effect. Appellant submits that the two corporations were members of a "unitary" business group, that its business in Illinois was an integral part of its overall operations and benefitted its Arkansas subsidiary. Appellant further contends that nothing in the Uniform Division of Income for Tax Purposes Act (UDITPA) [Ark. Code Ann. § 26-51-701—723 (1987 and Supp. 1991)] prohibits the filing of corporate tax returns employing a "unitary" basis.

All of which may be true, but it does not follow that in the context of this case the chancellor erred in upholding the Department's regulation expressly prohibiting unitary combined

reporting. As the appellee points out, UDITPA is not "a substantive taxation statute . . . [but] was conceived as merely a procedural vehicle by which the states could resolve conflicts among themselves and aggrieved taxpayers." *Williams Companies* v. *Director of Revenues*, 799 S.W.2d 602 (Mo. 1990), citing *Goldberg* v. *State Tax Commission*, 639 S.W.2d 796, 799 (Mo. 1982).

Appellee argues with some force that appellant made a calculated decision to conduct its business operations in Searcy, Arkansas, as a wholly owned subsidiary of the Illinois parent company. The decision to conduct operations in Arkansas as a separate corporation was appellant's prerogative, entitling it to whatever advantages might be derived from that construct. When those advantages later appeared outweighed by other considerations, i.e., combining corporate losses of the parent with income realized by the subsidiary, appellant sought somewhat belatedly to achieve "unity" through merger. We imply no criticism of that endeavor, but we are given no authority that inveighs in favor of our imposing on the Commissioner a requirement that Arkansas, which has plenary power to tax those corporations created and established under its laws, must then defer to a method of reporting business operations clearly inconsistent with existing laws and regulations.

Appellant relies in part on the case of *Caterpillar Tractor Co.* v. *Lenckos*, 417 N.E.2d 1343 (Ill. 1981), where the Illinois Supreme Court construed UDITPA as permitting the unitary reporting method. But, unlike the case before us, the Director of Revenue agreed with the taxpayer that it was part of a unitary business group. No such agreement exists in this case.

For the reasons stated, the order appealed from is affirmed.