GTE and Subsidiaries, Appellants,

v.

REVENUE CABINET, COMMONWEALTH OF KENTUCKY, Appellee.

No. 94–SC–168–DG.

Supreme Court of Kentucky.

Dec. 22, 1994.

Bruce F. Clark, Erica L. Horn, Frankfort, Paul H. Frankel, Morrison & Forester, New York City, Scott B. Clark, GTE Corp., Stamford, CT, for appellants.

Kenton L. Ball, Dana Bynum Mayton, Commonwealth of Kentucky, Legal Services, Frankfort, for appellee.

Thomas J. Luber, Holliday Hopkins Thacker, Wyatt, Tarrant & Combs, Louisville, C. Christopher Trower, Timothy H. Gillis, Sutherland, Asbill & Brennan, Atlanta, GA, Thomas A. Brown, Mark F. Sommer, Greenebaum Doll & McDonald, Louisville, for amicus curiae.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of the Franklin Circuit Court and held that GTE and Subsidiaries did not have the right to file a combined Kentucky Income Tax Return pursuant to KRS 141.120.

The issue here is whether an interpretation of KRS 141.120 provides GTE and Subsidiaries with the right to file such a combined Kentucky Income Tax Return.

The circuit judge emphasized that the 64 stipulations of fact agreed to by the parties revealed an interlocking interrelationship among the members of GTE. The circuit judge concluded that there was sufficient satisfaction of the "three unities" test addressing unity not only of ownership but also of use and operations so that this case was governed by *Armco, Inc. v. Revenue Cabinet,* Ky., 748 S.W.2d 372 (1988) in which this Court upheld the reasoning by Revenue then that the net income of Armco and its Domestic International Sales Corporation should be combined because of their unitary nature. The Court of Appeals distinguished this dispute from the DISC situation presented in *Armco* because the circumstances of GTE did not involve a mere paper corporation such as a DISC.

The appellate panel announced that the post-*Armco* interpretation of KRS 141.120 in Revenue Policy 41P225 applied despite a contrary reading of the same statute for the previous 16 years from 1972 to 1988 as re-

quiring unitary reporting. The policy permits unitary reporting only if the subsidiaries are a sham or paper corporation with limited viable activities. The Court of Appeals determined that selecting a business structure was the option of the business which must then live with its consequences including any adverse tax results. The Court of Appeals perceived no express statutory mandate for a combined unitary corporate income ·tax return in the statute. This Court granted discretionary review.

GTE, a New York Corporation, and Subsidiaries, is a large telecommunications service company that operates in all 50 states through a multi-corporate structure consisting of four basic business groups: telephone operations, communication products, electrical products and communication network services. These business groups are vertically integrated and GTE owns all the stock of its subsidiaries. Many management functions, such as long-term planning, public and governmental relations, purchasing, budgeting, financing and advertising are performed centrally. Members of the GTE group share corporate officers and directors. Management level personnel transfer freely among the several corporate members of the GTE group.

This company filed a combined Kentucky Income Tax Return from 1984 to 1987. In 1988, after the adoption of Revenue Policy No. 41P225, the Revenue Cabinet no longer permitted the filing of a combined return by GTE. Although Revenue has apparently abandoned the portion of the policy requiring retroactive application, the foundations of its 1988 policy change remain the subject of this lawsuit. GTE argues that Revenue had a different reading of the same statute for the previous 16 years from 1972 to 1988 but now would allow unitary reporting only if it is a sham or paper corporation with limited viable activities.

The circuit court found that GTE's true business income could not be calculated on the basis of separate tax returns and that GTE's taxable income must be computed in a combined return because of the unitary nature of its operations. A panel of the Court of Appeals reversed the circuit court because it did not believe there was an express statutory mandate for combined unitary corporate income tax returns provided for in KRS 141.120.

In reaching our decision in this matter, we must review very briefly the legal history of this element of the Kentucky tax system. KRS 141.120 has been part of the Tax Code of Kentucky since 1966. In 1972, the Revenue Cabinet began relying on this statute as authority to combine the income of unitary multi-corporate groups. Revenue then started allowing these unitary corporate groups to file a combined tax return. The method used under the Uniform Division of Income for Tax Purposes Act and adopted by the Kentucky legislature required any multi-state business to determine its business income as defined by KRS 141.120(1)(a) from the activities within the various other states and then requires that business to apportion the income to Kentucky using an apportionment factor. The formula considers sales, payroll and property of the group in Kentucky. *See* KRS 141.120(8). This Court, as well as the United States Supreme Court, has recognized the validity of filing a combined return under UDITPA. From 1972 to 1988, the Revenue Cabinet continuously required and regularly recognized the legal validity of the unitary theory and of combined filing under KRS 141.120. During that time, there were various lawsuits which will be discussed later in this Opinion which influenced Revenue policy. Finally in 1988, Revenue effectively halted the filing of combined returns, citing in Revenue policy 41P225 this Court's unpublished case of *V.E. Anderson v. Revenue Cabinet*, 87–SC–122–DG, rendered November 5, 1987. It should be understood in discussing that case that all parties recognize it cannot be cited as legal authority pursuant to Civil Rule 76.28(4)(c), but that this Court takes notice of the case as a basis for the conduct of Revenue.

The Revenue Cabinet claims that it adopted the 1988 policy in response to several decisions of this Court: *Armco, Inc., supra; Department of Revenue v. Early and Daniel*, Ky., 628 S.W.2d 630 (1982); and an unpublished decision of this Court, *V.E. Anderson v. Revenue Cabinet, supra.* Reve-

nue argues that because of these decisions, unitary combined reporting is applicable only when DISC corporations are involved and the units are sham or paper corporations.

GTE contends that this Court, as well as numerous other jurisdictions, has recognized the propriety of combined reporting and that the adoption by the Cabinet of its 1988 revenue policy was an unlawful abandonment of its previous policy of permitting combined returns. GTE maintains that the failure of the Revenue Cabinet to consider the totality of income of a unitary group when apportioning that income to Kentucky for tax purposes results in a contravention of due process of law principles.

## I

█ KRS 141.120 and the decisions of this Court authorize multiple corporations engaged in a unitary business to file combined income tax returns.

█ This Court in *Armco, supra,* stated that "The unitary theory is a recognized and accepted method of determining the taxable business income of two or more corporations," citing *Edison California Stores v. McColgan,* 30 Cal.2d 472, 183 P.2d 16 (1947) for the test of a unitary group. That test requires a unity of ownership, use and operations. The circuit court found that the Revenue Cabinet stipulated that GTE met the three-unities test.

Six other states have considered this issue and have construed statutes patterned after UDITPA. Each has held that the statute can be applied to a multi-corporate unitary group so as to allow the unitary group to file a combined state income tax return.

The Revenue Cabinet in Kentucky had for sixteen years, from 1972 to 1988, interpreted the statute as allowing the filing of such combined returns. The other states which have followed the same theory include: *Edison California Stores, Inc. v. McColgan, supra; Coca Cola Co. v. Dept. of Revenue,* 271 Or. 517, 533 P.2d 788 (1975); *Pioneer Container Corp. v. Beshears,* 235 Kan. 745, 684 P.2d 396 (1984); *Deseret Pharmaceutical Co. v. State Tax Com'n,* 579 P.2d 1322 (Utah 1978); and *Western Contracting Corp. v.*

*State Tax Com'n,* 18 Utah 2d 23, 414 P.2d 579 (1966); *Caterpillar Tractor Co. v. Lenckos,* 84 Ill.2d 102, 49 Ill.Dec. 329, 417 N.E.2d 1343 (1981); *Montana Dept. of Revenue v. American Smelting and Refining Co.,* 173 Mont. 316, 567 P.2d 901 (1977). The significance of the cases from other jurisdictions is that the statute at issue in each case was virtually identical to KRS 141.120. It should be noted that Arkansas in *Land O'Frost, Inc. v. Pledger,* 308 Ark. 208, 823 S.W.2d 887 (1992), refused to allow combined filings in the face of a regulation prohibiting such filings. In Kentucky there is no law or regulation prohibiting the filing of combined returns.

The United States Supreme Court has followed a similar interpretation beginning in *Butler Brothers v. McColgan,* 315 U.S. 501, 62 S.Ct. 701, 86 L.Ed. 991 (1942), and again in *Container Corp. of America v. Franchise Tax Board,* 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). The most recent U.S. Supreme Court case affirming the validity of the unitary business principle is *Allied–Signal, Inc. v. Director, Div. of Taxation,* —— U.S. ——, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992). *See also Barclays Bank, PLC v. Franchise Tax Bd. of Calif.,* —— U.S. ——, 114 S.Ct. 2268, 129 L.Ed.2d 244 (1994).

█ The theory of UDITPA apportionment is to insure that the taxpayer is assessed based on income derived from business activity fairly attributable to the taxing state. The intent is to focus on the substance of the activities of the taxpayer rather than the form those business activities assume. Therefore, it is appropriate to waive corporate formalities in the multi-corporate setting where it is necessary to properly evaluate the business activity of a particular entity. *See American Smelting,* 567 P.2d at 908.

There is a misconception in the conclusion by the Court of Appeals that businesses must live with the tax consequences of their corporate structure. Any business selecting a multi-corporate unitary form of operation from 1972 to 1988 would have done so in the belief that the Kentucky tax laws allowed such businesses to file a combined income tax return. They would have been surprised to

learn in 1989 that the Revenue Department had reversed its position retroactively. In addition, GTE does not have the choice as implied by the opinion of the Court of Appeals because a portion of the GTE business is regulated, and Federal and State laws require a separate corporate structure for public utility regulatory purposes only. Such structure does not control the imposition of income taxes.

## II

It is our view that the Court of Appeals erred in finding that the statute does not authorize a unitary multi-corporate organization to file a Kentucky Income Tax return using the unitary method of reporting.

The adoption by the Revenue Cabinet of Policy 41P225 was improper because it abandoned a long-standing policy of permitting the combining of income of unitary groups. An administrative agency cannot add or detract from a statute by promulgating a policy or regulation. *See Roppel v. Shearer*, Ky., 321 S.W.2d 36 (1959); *Portwood v. Fall City Brewing Co.*, Ky., 318 S.W.2d 535 (1958); *Robertson v. Schein*, 305 Ky. 528, 204 S.W.2d 954 (1947).

This Court has held that interpretation of a statute made by an administrative agency, once made and applied over a long period of time, cannot be unilaterally revoked by the agency. *See Hagan v. Farris*, Ky., 807 S.W.2d 488 (1991); *Grantz v. Grauman*, Ky., 302 S.W.2d 364 (1957); *Paducah Marine Ways v. Revenue Cabinet*, Ky.App., 730 S.W.2d 956 (1987).

Under the doctrine of contemporaneous construction, the use of a combined reporting method by any unitary business is provided for in KRS 141.120. The doctrine of contemporaneous construction means that where an administrative agency has the responsibility of interpreting a statute that is in some manner ambiguous, the agency is restricted to any long-standing construction of the provisions of the statute it has made previously. "Practical construction of an ambiguous law by administrative officers continued without interruption for a very long period is entitled to controlling weight." *Grantz, supra.*

Here the term "taxpayer" is not defined in KRS Chapter 141, and the ambiguity resulting therefrom requires an application of the doctrine of contemporaneous construction. From 1972 through 1988 the Revenue Cabinet consistently took the position that if a multi-corporate business met the three unitary tests, then the entire group was "the taxpayer" for the purposes of apportioning income under KRS 141.120. The long-standing interpretation of Revenue is reasonable under all the circumstances and should have been adhered to by the Cabinet.

The actions of the Cabinet constitute a technical violation of KRS 13A.010(2). They do not merely restate the current position of Kentucky law because the policy changes the application of the law. In addition, the Revenue policy requires the unitary group to file in a certain manner so as to deprive it of a right claimed under the statute. The policy does not correct an erroneous interpretation of the statute, but it is simply an attempt to present the Revenue Cabinet's revised interpretation of the law.

*Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985), cannot be applied to the action of the Revenue Cabinet in this case. We must observe that the doctrine of contemporaneous construction has no application to the interpretation of the Federal Constitution by a state agency. This case involves Kentucky law and its interpretation. In *Delta, supra*, we found that the Revenue Cabinet's prior interpretation of the statutes was clearly erroneous and that the rule of contemporaneous construction by an agency is not binding on the courts if it is erroneous and the statute is unambiguous. In addition, the policy in *Delta*, was prospective only. Here the Revenue Cabinet applied it retroactively. Legislation enacted in KRS 13A.100(1) in 1990 requires that the regulatory process must be used to announce a general interpretation of the law by an administrative agency.

Although we recognize the argument by the Revenue Cabinet that KRS 141.200(1) requires separate corporate filings, we do not

agree with the interpretation placed on the last sentence of that statute. "Corporations" is defined by KRS 141.010(24) as having a meaning consistent with the definition of the word in § 7701(a)3 of the Federal Internal Revenue Code. 26 U.S.C. 7701. The concept of apportionment among states obviously has no place within the confines of the Federal tax plan. Our interpretation of the word "Corporation" as used in KRS 141.200(1) is, however, consistent with the Federal definition. We interpret the last phrase of § 1, which is "corporations that are affiliated" to refer to unitary corporations such as GTE and Subsidiaries. The statute merely requires that each unitary corporation file a separate corporate income tax return. It does not mean that each component corporation of the unitary group must file separately. The taxation statutes differentiate between simple corporations and unitary corporations. This statute simply requires a return for both classes of corporate taxpayers.

The final issue raised in this matter is the application of Federal and State due process requirements to the taxing formula used by the state. We have carefully considered the argument presented on this question and believe that it is unnecessary for us to reach the issue.

The holding of this Court in *Armco, supra,* is not limited by the fact that the subsidiary in that case was a DISC. The court wrote extensively about the unitary nature of the parent and its subsidiary. Here, as in *Early and Daniel, supra,* the true business income of GTE and its subsidiaries cannot be computed without combining the income and losses of the entire group. In *Armco* it was stated, "The Revenue Cabinet combined the net incomes of Armco and its DISCs because the two were unitary. The unitary theory is a recognized and accepted method of determining the business income of two or more corporations. . . ." The opinion then discusses the unitary entity tests as outlined in *Edison California Stores, supra. See also Container Corp., supra.*

The apportionment method under UDITPA is not designed solely for DISC corporations. The fact that the Revenue Cabinet has permitted combined reporting for sixteen years prior to its policy rendered in 1988 was significant in determining the validity of any such policy by the circuit court.

KRS 141.010(14)(b) determines which corporations are required to allocate and apportion net income. KRS 141.120 provides a method of apportionment which is the combining of all corporations involved. This statute is based on the calculation of business income which cannot be determined on a separate return basis for members of a unitary group but which must be calculated on the combined unitary business for the group as a whole.

It is the holding of this Court that GTE and its unitary subsidiaries have a right, pursuant to KRS 141.120, to file their Kentucky Income Tax Return on a combined unitary basis. Such right existed for the tax years from 1980 to 1987. The Revenue Policy adopted in 1988 may not be applied either retroactively or prospectively. KRS 141.120 provides the GTE unitary group a statutory right to file the combined income tax return.

Therefore the decision of the Court of Appeals is reversed and the judgment of the Franklin Circuit Court is reinstated.

STEPHENS, C.J. and LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ., concur.

LAMBERT, J., dissents by separate opinion.

LAMBERT, Justice, dissenting.

There is no statutory provision in this state by which multiple corporate entities are allowed to file a combined income tax return. The plain language of KRS 141.200(1) requires that

Every corporation doing business in this state, except those exempt from taxation under KRS 141.040, shall make a return stating specifically the items of income and the items claimed as deductions allowed by this chapter. *Corporations that are affiliated must each make a separate return.*

KRS 141.200(1) (emphasis added).

Income tax reporting requirements arise only from statutory enactment. Multi-state

corporations doing business in Kentucky must use the apportionment method of KRS 141.120 to determine the portion of their business income derived from operations in Kentucky. However, application of KRS 141.120 does not allow the filing of a combined return even if corporate operations are integrated or related. In no way does KRS 141.120 determine corporate reporting methods. Rather, that determination is governed by KRS 141.200. Only one exception is made to this individual filing requirement, and it is by statute. KRS 141.205 permits the Revenue Cabinet to require a consolidated or combined return for corporations engaged in intercorporate transactions that reduce net income.

*Armco Inc. v. Revenue Cabinet,* Ky., 748 S.W.2d 372 (1988), and *Department of Revenue v. Early & Daniel Co.,* Ky., 628 S.W.2d 630 (1982) are easily distinguishable from this case. In those cases, this Court held that the Revenue Cabinet properly exercised its statutory power to require the combination of income in narrow instances.[1] It should not matter that the Revenue Cabinet, until 1988, interpreted the statute to allow combined income tax reporting for other corporations.

The clear language of the statute evidences an intent to require individual reporting for those corporations who choose to do business in Kentucky through an intricate structure of interlocking corporations.

Because no statutory provision would allow the combination of returns for the multiple corporations of GTE, I respectfully dissent.

---

1. In those cases, this Court sanctioned a combined return for a corporation and its subsidiary where the subsidiary was merely a domestic international sales corporation (DISC). A DISC is a creature of the federal Internal Revenue Code which allows for tax incentives to DISCs engaged in qualifying export sales. In *Early & Daniel* and *Armco,* the DISC was clearly a sham corporation set up to receive the benefits available under the Internal Revenue Code.