REVENUE CABINET, Commonwealth of Kentucky, Appellant,

v.

HUMANA, INC.; Galen of Kentucky, Inc., f/k/a Humana of Kentucky, Inc.; Galen Health Care, d/b/a Southwest Jefferson Community Hospital; and Galen of Virginia, Inc., f/k/a Humana of Virginia, Inc., Appellees.

No. 1997–CA–000568–MR.

Court of Appeals of Kentucky.

Oct. 2, 1998.

Rehearing Denied Dec. 18, 1998.

Discretionary Review Denied by Supreme Court Sept. 15, 1999.

Douglas M. Dowell, Frankfort, for Appellant.

Gary R. Weitkamp, James R. Cox, Mary R. Harville, Louisville, for Appellees.

Before DYCHE, JOHNSON and KNOPF, JJ.

*OPINION*

DYCHE, Judge.

The Revenue Cabinet (Revenue) of this Commonwealth appeals from an order of the Franklin Circuit Court which affirmed a summary judgment of the Kentucky Board of Tax Appeals. Revenue had assessed almost $3.5 million in sales and use taxes against appellees for the period from October 1, 1987, through August 31, 1991; the assessment was based on appellees' purchase of prescription medications and prosthetic devices and physical aids dispensed to patients in hospitals owned by appellees.

From January 1, 1971, the effective date of the statute in question (Kentucky Revised Statute [KRS] 139.472), Revenue had taken the position that the statute provided an exemption from sales and use tax when the items in question were purchased by for-profit hospitals. On March 20, 1989, however, Revenue circulated a letter instructing taxpayers, including appellees, that as of April 1, 1989, the exemption would only apply when *individuals* purchased those products. Following this change in interpretation, Revenue audited appellees' hospitals and assessed the taxes as above described.

Appellees filed an appeal to the Kentucky Board of Tax Appeals, which granted them summary judgment; a further appeal to the Franklin Circuit Court was likewise decided adversely to Revenue. The Board of Tax Appeals and the Franklin Circuit Court both based their decisions

on the doctrine of contemporaneous construction, and further held that Revenue's actions violated sections of KRS Chapter 13A, "Administrative Regulations." This appeal followed. We affirm.

Revenue argues that the summary judgment was inappropriately and prematurely granted by the Board of Tax Appeals in that the record was incomplete at the time the summary judgment was granted. Revenue maintains that depositions not actually in the record at the time of the Board's decision provide the proof of factual issues material to the resolution of this matter which would preclude summary judgment. We agree with appellees that the only facts material to decision herein were: the past practice of Revenue with respect to the treatment of the hospitals' purchase of these items; the current policy of Revenue with respect to the purchase of these same items; the duration of the original policy; and the manner in which the change in policy was adopted or implemented.

From the record herein, we can determine, as did the Franklin Circuit Court, that these facts are uncontroverted. The original policy of Revenue, from 1971 until 1989, was to allow the exemption for appellees. The new policy was to disallow the exemption. The change in policy came through some apparent discovery or divination that the previous application did violence to the taxing statute as enacted by the General Assembly. No other explanation has been advanced by Revenue. We find no material issues of fact which would preclude entry of a summary judgment; the matter can be decided on legal issues only.

Revenue next argues that appellees are not entitled to the exemption, raising factual questions concerning appellees' methods of use, prescription, and administration of the allegedly taxable items. Again, however, we are cited to no difference in the pre–1989 facts and the post–1989 facts which would justify a change in the treatment of appellees' transactions. It is purely Revenue's change of interpretation, not appellees' change of use, which precipitates the assessment.

Revenue asserts that the Board of Tax Appeals "elevated the doctrine of contemporaneous construction to controlling importance in this case." That doctrine was succinctly stated by our highest court in *GTE v. Revenue Cabinet, Commonwealth of Kentucky,* Ky., 889 S.W.2d 788 (1994):

> This Court has held that interpretation of a statute made by an administrative agency, once made and applied over a long period of time, cannot be unilaterally revoked by the agency.
>
> ... The doctrine of contemporaneous construction means that where an administrative agency has the responsibility of interpreting a statute that is in some manner ambiguous, the agency is restricted to any long-standing construction of the provisions of the statute it has made previously.

889 S.W.2d at 792 (citations omitted).

Revenue argues that the doctrine is inapplicable here, as the statute in question is not ambiguous. This argument holds no merit; if the statute contained no ambiguity, we can fathom no reason for Revenue's differing interpretations. We find, as did the two other bodies that have considered this matter, that the doctrine is particularly applicable here; we can think of no more apt situation for its use. For eighteen years, Revenue applied the statute in one manner. Suddenly it announced, without any legislative change, any public hearing, or any other logical reason, an opposite interpretation of the statute. Such arbitrary and naked exercise of power is forbidden by the Constitution of Kentucky, § 2; the contemporaneous construction doctrine is merely an application of that constitutional provision.

The action of Revenue is also clearly contrary to the provisions of KRS 13A, the chapter dealing with Administrative Regulations. That chapter sets out the requirements which administrative agencies, such

as Revenue, must follow in adopting or modifying administrative regulations; it also sets limits upon the discretionary interpretive powers of agencies by forbidding certain actions by internal policy or memorandum. The actions forbidden include modifying, expanding, or limiting statutes, administrative regulations, and constitutional rights. The Board of Tax Appeals and the Franklin Circuit Court both found that the assessments violated provisions of KRS 13A by modifying the applicable tax statute and administrative regulations promulgated pursuant to the statute.

Revenue now maintains that it made no change or modification; it is now correctly interpreting the statute, and its prior interpretation was the unlawful modification. It is merely rectifying a previous misapplication, it argues. If the prior interpretation actually had been found to be incorrect, Revenue is nevertheless bound by the requirements of KRS 13A. We cannot agree that its actions, even if in the nature of rectification, were not subject to the requirements of KRS 13A.

The order of the Franklin Circuit Court is affirmed.

All concur.