**DAYTON POWER AND LIGHT COMPANY, Appellant**

v.

**DEPARTMENT OF REVENUE, FINANCE AND ADMINISTRATION CABINET, COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–001438–MR.

Court of Appeals of Kentucky.

Nov. 2, 2012.

Discretionary Review Denied by Supreme Court Aug. 21, 2013.

Bruce F. Clark, Michele M. Whittington, Frankfort, KY, for appellant.

Stewart Douglas Hendrix, Office of Legal Services for Revenue, Frankfort, KY, for appellee.

Before COMBS, DIXON, AND VANMETER, Judges.

*OPINION*

COMBS, Judge:

Dayton Power and Light Company (DP & L) appeals the order of the Franklin Circuit Court which upheld a ruling of the Department of Revenue (the Department). After reviewing the law and the record, we affirm.

DP & L is an electric utility company that provides power to customers in Ohio. It does not serve any customers in Kentucky, but it possesses a 31% interest in a power facility in Boone County, the East Bend Power Plant. DP & L pays Kentucky property taxes in accordance with Kentucky Revised Statute[s] (KRS) 136.115 *et seq.*, which governs tax rates for public service companies (PSC's).

The record indicates that from 1999–2003, DP & L paid a negotiated tax rate on its franchise. The Department permitted it to spread out the fair cash value of its franchise among several classes of tangible property in order to determine its tax rate. Thus, DP & L was enabled to pay a lower tax rate and be exempt from local taxation. However, in 2006, the Department changed its position and determined that DP & L should pay taxes on the franchise **as a whole** at a separate rate based on KRS 132.020(1)(r). The change raised DP & L's state tax obligation and made it subject to local taxes.

DP & L protested the valuation. On August 2, 2007, the Department of Revenue issued a final ruling that the franchise should be taxed separately under KRS 132.020(1)(r). DP & L appealed to the Kentucky Board of Tax Appeals. The Board of Tax Appeals granted summary judgment for DP & L on March 24, 2010, holding that the Department could not change its valuation of DP & L's property. The Department appealed to the Franklin Circuit Court, which reversed the order of the Kentucky Board of Tax Appeals. The court held that the Department had valued the franchise incorrectly in the past and that the new valuation was statutorily correct. This appeal by DP & L follows.

The parties do not dispute the facts of this case. The issue is a matter of statutory interpretation; therefore, we conduct our review *de novo*. *Western Kentucky Coca–Cola Bottling Co., Inc. v. Revenue Cabinet,* 80 S.W.3d 787, 790–91 (Ky.App. 2001).

■ DP & L argues that the trial court incorrectly interpreted the statutes governing the manner in which PSC's are taxed. In Kentucky, statutes are to be "written in nontechnical language and in a clear and coherent manner using words with common and everyday meanings." KRS 446.015. Furthermore, the General Assembly has charged the courts to interpret statutes with a liberal construction aimed toward maintaining their legislative intent: "All statutes ... shall be liberally construed with a view to promote their objects and carry out the intent of the legislature...." KRS 446.080. "A statute should be construed, **if possible,** so as to effectuate the plain meaning and unambiguous intent expressed in the law." *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth of Kentucky, Transp. Cab.,* 983 S.W.2d 488, 492 (Ky.1998) (citations omitted) (emphasis added). When a tax exemption is in question, it "must be strictly construed and all doubts are to be resolved against an exemption." *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* 689 S.W.2d 14, 21 (Ky.1985).

KRS 136.120(2)(c) sets forth that "[o]**perating property** and nonoperating tangible property shall be subject to state and local taxes at the same rate as the tangible property of other taxpayers not performing public services." (Emphasis added).

The General Assembly has defined *operating property* as "**both** the operating tangible property **and** the franchise, and the payment of taxes on the assessment of operating property shall be deemed the payment of taxes on the operating tangible property **and** the franchise." KRS 136.115(2). (Emphasis added). For taxation purposes under KRS Chapter 136, our court has defined *franchise* as:

the earning value ascribed to the capital of a domestic public service corporation by reason of its operation as a domestic

public service corporation. It comprises the operating property and is assessed by the Revenue Cabinet by its fair cash value **as a unit....** [T]he value of the franchise is determined by subtracting the assessed value of the tangible operating property from the "capital stock," which is the "entire property, real and personal, tangible and intangible, assets on hand, and its franchise as well."

*Revenue Cabinet v. Comcast Cablevision of the South,* 147 S.W.3d 743, 752 (Ky.App. 2003) (*quoting Henderson Bridge Co. v. Commonwealth,* 99 Ky. 623, 31 S.W. 486, 491 (1895)). (Emphasis added).

DP & L contends that the plain language of the two statutes—KRS 136.120(2)(c) and 136.115(2)—requires that its franchise value be allocated to its other assets for taxation purposes. It offers a generalized argument that the General Assembly intended for PSC's to receive special rates and exemptions. However, it does not provide any proof of this intent, and we are unable to conclude that it is correct. Instead, we are persuaded that the legislative intent appears to be that the General Assembly did not intend for the franchise of PSC's to be exempt from state and local taxes and that it did intend for it to be taxed separately. KRS 136.115(2) directs that taxes are assessed on operating tangible property **and** franchise. Franchise is separate. Nothing in the statutes indicates that franchise is included in operating tangible property; *ergo,* the conjunction *and* between the terms. Additionally, KRS 132.208 provides a state and local tax exemption for intangible personal property **except** that which is assessed under Chapter 136.

■ KRS 136.120(2)(c) provides that operating property (which includes franchise) is to be taxed at the same rate as the tangible property of non-PSC taxpayers. As the trial court pointed out, non-PSC

taxpayers do not possess franchise. Therefore, there is no similar property to serve as a basis of comparison. KRS 132.020(1)(a)—(q) sets forth the tax rates for seventeen types of property that are not associated with a PSC. Because franchise is not associated with taxpayers who are not PSC's, the only applicable rate is that contained in KRS 132.020(1)(r), which is for "all other property directed to be assessed for taxation[.]" It includes an exception for property specifically named in KRS 132.030, KRS 132.200, KRS 136.300, and KRS 136.320. None of the excepted statutes is related to PSC's or to franchise. It is clear that the General Assembly considered the types of property that should be exempt from the "catch-all" rate, and it did **not** include franchise of PSC'—although it identified seventeen other categories of property. "As a general rule of statutory construction, *expressio unius est exclusio alterious*[ 1] provides that an enumeration of a particular thing demonstrates that the omission of another thing is an intentional exclusion." *Palmer v. Commonwealth*, 3 S.W.3d 763, 764 (Ky. App.1999) (*citing Louisville Water Co. v. Wells*, 664 S.W.2d 525 (Ky.App.1984)).

■ Construing the law narrowly against exemption as we must, we are compelled to conclude that the franchise of a PSC is not subject to the exemptions and is not entitled to be spread over and among other types of assets. It is a separate asset for which the legislature has provided clear and distinct taxation guidelines.

DP & L claims that the franchise of other PSC's is taxed according to the spread method. It cites us to *General American Transportation Corp. v. Commonwealth of Kentucky*, 791 F.2d 38 (6th

Cir.1986). This case pertains to a federal railroad law, and we have not determined it to be persuasive or relevant in this case. Therefore, lacking precedent under Kentucky law, this argument is moot.

■ Because the Department changed its method of valuation, DP & L also urges us to apply the doctrine of contemporaneous construction. According to the doctrine of contemporaneous construction, if an administrative agency has a policy according to which it has interpreted an ambiguous statute, it may not change its long standing interpretation. *GTE v. Revenue Cabinet, Commonwealth of Kentucky*, 889 S.W.2d 788, 792 (Ky. 1994) (superseded on other grounds by statute, as recognized by *Miller v. Johnson Controls*, 296 S.W.3d 392 (Ky.2009)).

We agree with the trial court that this case is not subject to contemporaneous construction. First, that directive applies to an agency's interpretation of an **ambiguous** statute, and we have already determined that the pertinent statutes are not ambiguous. Furthermore, DP & L has not presented any evidence to demonstrate that the Department has had a long standing policy of spreading the property tax rates of a utility's franchise. Instead, the record indicates that at some point, the Department and DP & L negotiated the spreading rate, which was in effect from 1999 until 2003.

■ This case is an example of an administrative agency's correcting itself once it had perceived a mistake. Contemporaneous construction cannot be invoked to memorialize or to ratify a mistake of an agency and would disserve sound public policy interests if such recourse were at-

---

1. Expression of one is the exclusion of the other. Direct Latin translation; see also

*Black's Law Dictionary*, 7th Edition, 1999.

tempted. *Delta Air Lines, Inc. v. Commonwealth*, 689 S.W.2d at 19–20. Our Supreme Court has held that an agency **should** correct its mistakes: "The failure of a public officer to correctly administer the law does not prevent a more diligent and efficient public administrator to bring into the revenue proper subjects of taxation. An erroneous interpretation of the law will not be perpetuated." *Id.* at 20. (Internal citations omitted). The Department admits that in the past, it had allowed DP & L to spread the franchise value among its other assets, but it realized that spreading was not permitted by the statutes. It wholly complied with the law when it corrected its valuation method—both the letter and the spirit of the law.

Because the Department properly acted within the statutory scheme, we affirm the Franklin Circuit Court.

DIXON, JUDGE, Concurs.

VANMETER, Judge, Dissents and files separate opinion.

VANMETER, Judge, Dissenting:

I respectfully dissent. In my view, KRS 136.115 to 136.180 are inherently ambiguous. The doctrine of contemporaneous construction, thus, applies. *See GTE v. Revenue Cabinet*, 889 S.W.2d 788, 792 (Ky. 1994) (holding that "[t]he doctrine of contemporaneous construction means that where an administrative agency has the responsibility of interpreting a statute that is in some manner ambiguous, the agency is restricted to any long-standing construction of the provisions of the statute it has made previously[ ]"). In this instance, the Board of Tax Appeals found "[a]ll precedent and past interpretation of the applicable rule and law argues against Summary Judgment for the [Department of Revenue]." And further, "[t]he board is not inclined to overturn this precedent even though at a time of great budgetary stress the [Department of Revenue] urges ... a new and better way of interpreting this statutory application." Admittedly, this appeal involves a matter of statutory construction, and the courts are not bound by the Board's legal conclusions. *Monumental Life Ins. Co. v. Dep't of Revenue*, 294 S.W.3d 10, 19 (Ky.App.2008); *Epsilon Trading Co. v. Revenue Cabinet*, 775 S.W.2d 937, 940 (Ky.App.1989). The fact, however, that the statute can reasonably be interpreted two ways is indicative of ambiguity, and, as much as I try, I do not see the clarity of the method of taxation. The Department is bound by its prior interpretation. I would vacate the Franklin Circuit Court's Order, and remand this matter to that court with direction to affirm the Board of Tax Appeals.